In the Matter of MARILYN SCARPELLI et al., Individually and on Behalf of Their Infant Children and All Those Similarly Situated, Respondents, v ABE LAVINE, as Commissioner of the New York State Department of Social Services, Appellant, and JOSEPH D'ELIA, as Commissioner of the Nassau County Department of Social Services, Respondent.—In a proceeding pursuant to CPLR article 78 *inter alia* to review certain determinations of the appellant Commissioner of the Department of Social Services of the State of New York, made after statutory fair hearings, which discontinued or reduced certain grants of aid to dependent children, and for declaratory relief, the appeal is from a judgment of the Supreme Court, Nassau County, entered March 21, 1975, which (1) adjudged that the proceeding was properly brought as a class action on behalf of recipients of public assistance in the aid to dependent children (ADC) program in Nassau County and the State of New York whose grants of assistance have either been discontinued or reduced due to the presence of a stepparent in the home or to the imputing of the stepparent's income to the stepchildren, in the absence of proof of actual support, (2) annulled determinations of appellant and respondent D'Elia, Commissioner of the Nassau County Department of Social Services to reduce or discontinue ADC benefits to the named petitioners, (3) directed the retroactive reinstatement of petitioners' children to the public assistance levels to which they are entitled, without reference to 18 NYCRR 352.31 (a)(2) and 369.2 (f)(1)(iii), (4) directed appellant (a) to send an administrative letter to all local Social Services departments directing them to exclude income or assets of stepparents living in the same home with stepchildren from the amount of public assistance payable to such stepchildren in the absence of proof of actual support and (b) to discover and notify all members of the described class of their rights to receive public assistance and retroactive benefits and (5) enjoined appellant and respondent D'Elia from applying 18 NYCRR 352.31(a)(2) to petitioners and to all persons of the same class residing in Nassau County.

Judgment modified, on the law, without costs, by deleting therefrom all of the decretal paragraphs except the second; and matter remitted to appellant for the holding of fair hearings, *de novo,* and the making of new determinations, in accordance with the holding in *Matter of Uhrovick v Lavine* (35 NY2d 892). It was an abuse of discretion to grant class relief since governmental operations are involved and, thus, "on the granting of any relief to the petitioners comparable relief would adequately flow to others similarly situated under principles of *stare decisis" (Matter of Rivera v Trimarco,* 36 NY2d 747, 749). This proceeding was instituted prior to the decision in *Matter of Uhrovick v Lavine (supra* [decided Dec. 18, 1974, affg. 43 AD2d 481]). That decision held that 18 NYCRR 352.31 (a) (2) (a regulation of the New York State Department of Social Services), which permits an assumption that a stepparent's income is available for the support of his stepchildren merely because he resides with them, is invalid as it does not meet the stated prerequisites of a Federal regulation as to when such income may be assumed to be so available. On February 26, 1975, the New York State Department of Social Services sent an administrative letter to all of its local offices advising of the Court of Appeals' decision in *Uhrovick (supra),* and directing that 18 NYCRR 352.31(a)(2) was not to be applied to deprive a household with stepchildren of its ADC eligibility or to reduce its benefits by *presuming* that the stepparent's income is available to the stepchildren. It added, however, that "if the income of the step-parent is shown to be *actually* available to the step-children it must be considered" (emphasis in original). The adverse determinations as the result of fair hearings were made prior to the promulgation of the administrative letter, based on the requirement of the above-mentioned regulation that the income of a resident stepparent was to be applied to the needs of the stepchildren. We conclude that the matter should be remitted for a *de novo* fair hearing as to each of the petitioners in view of the holding in *Uhrovick (supra).* We do not interpret *Uhrovick* as holding that in no case may a stepparent's income be deemed applicable to the stepchildren, or even that there is a presumption of nonapplicability. In each fair hearing it must be decided, absent any presumption, whether the stepparent, vis-à-vis the stepchildren, is the one who actually sets the bread upon the table *(Van Lare v Hurley,* 421 US 338). Rabin, Acting P. J., Latham, Cohalan, Christ and Brennan, JJ., concur. and Brennan, JJ., concur.