■ In the Matter of ELAINE ARZILLO et al., on Behalf of Themselves and All Others Similarly Situated, Respondents, v HENRY G. PARRY, JR., as Commissioner of the Orange County Department of Social Services, et al., Appellants.—In a proceeding pursuant to CPLR article 78 *inter alia* to review two determinations of the Commissioner of the New York State Department of Social Services, each dated October 24, 1974, which, after statutory fair hearings, affirmed separate orders of the Commissioner of the Orange County Department of Social Services which directed reductions in certain grants of public assistance, the appeal is from a judgment of the Supreme Court, Orange County, entered April 29, 1975, which, *inter alia,* (1) adjudged this a proper class action, (2) annulled the determinations under review and (3) remanded the matter to the State Commissioner for further proceedings. Judgment modified, on the law, by deleting therefrom the first decretal paragraph and substituting therefor a provision to the effect that this proceeding may not be maintained as a class action. As so modified, judgment affirmed, without costs. The determinations were rendered in the absence of findings of willfulness and undue hardship, contrary to the applicable paragraphs of 18 NYCRR 352.31(d). Although we hold that this is not a proper case for a class action (see *Matter of Scarpelli v Lavine,* 48 AD2d 899; *Matter of Mann v Lavine,* 49 AD2d 879), we nevertheless affirm the remand for further proceedings. Hopkins, Acting P.J., Martuscello, Margett, Christ and Munder, JJ., concur.

■ In the Matter of PAUL C. (ANONYMOUS), Appellant.—Appeal from an order of the Family Court, Nassau County, dated February 7, 1975, which, after a fact-finding determination, adjudged that appellant is a juvenile delinquent and placed him on probation for a period of one year. Order affirmed, without costs. The evidence admitted at the fact-finding hearing was competent, material and relevant, and the determination that appellant did the act was based on proof beyond a reasonable doubt. The evidence admitted at the dispositional hearing was material and relevant and the Family Court properly placed appellant on probation for a period of one year. Rabin, Acting P. J., Latham, Cohalan, Margett and Christ, JJ., concur.