■ In the Matter of LORRAINE MANN et al., On Behalf of Themselves, Their Minor Children and All Other Persons Similarly Situated, Petitioners, v ABE LAVINE, as Commissioner of the New York State Department of Social Services, et al., Respondents.—Proceeding pursuant to CPLR article

78 *inter alia* to review determinations of the respondent Commissioner of the New York State Department of Social Services, dated March 5, 1974 and February 27, 1974, respectively, which, after statutory fair hearings, affirmed orders of the respondent Commissioner of the Rockland County Department of Social Services which directed reductions pursuant to regulation (18 NYCRR 352.32 [e] [1]) of separate grants of public assistance to the petitioners. Determinations annulled, without costs, and matter remanded to the respondent State Commissioner for further proceedings not inconsistent herewith. Prior to the time in question the following four-family units were each receiving separate unreduced AFDC (aid to families with dependent children) grants of public assistance: (1) petitioner Christine Ray and her three minor children; (2) her niece, Janie Hawkins, and the latter's three minor children; (3) petitioner Lorraine Mann and her minor son; and (4) Lorraine's father and his four minor children. Unable to find other accommodations, Christine had rented two rooms from her sister Amanda in the latter's apartment. When Amanda moved out the apartment was too large for Christine, and her niece Janie moved in with her. As noted, Christine and Janie were each receiving separate AFDC grants; there were eight persons in the household. Effective October 1, 1973, the County Commissioner of Social Services reduced Christine's grant by approximately $24 a month because her household had become a "cooperative" one since Janie moved in with her. The reduction was made pursuant to a regulation (18 NYCRR 352.32) which provides in pertinent part as follows: "(e) In cooperative cases, i.e., two or more categories of public assistance in the household * * * (1) Allowances for * * * the basic monthly allowance and shelter, shall be prorated." Similarly, Lorraine's grant was reduced (although by a different proportion) because her household had become a "cooperative" one since she moved in with her father and his children. We find the reductions improper. Where there are two different categories of public assistance, such as old age assistance and AFDC, in the same household, the regulation is clearly applicable. This was the case in *Matter of Padilla v Wyman* (34 NY2d 36), in which the Court of Appeals upheld the constitutionality, under the equal protection clause of the statute (Social Services Law, § 131-a, subd 3) and the State regulation (18 NYCRR 352.32 [e] [1]) pursuant to which the grants were reduced. The present cases, however, involve only *one* category of public assistance (AFDC), thus distinguishing them from *Padilla (supra)*, which involved *two different* categories of public assistance (old age assistance and AFDC). Because the present cases involve only one category of public assistance (AFDC), we conclude that they do not come within 18 NYCRR 352.32 (e) (1) since there are not here two or more categories of public assistance in the same household. Although we hold this is not a proper case for a class action *(Matter of Scarpelli v Lavine,* 48 AD2d 899), we have nevertheless remanded for proceedings not inconsistent with this memorandum. Martuscello, Acting P. J., Latham, Margett, Brennan and Shapiro, JJ., concur.