■ STEPHEN ZWEIG et al., Respondents, v CHARLES ZEFF, Appellant.—In a medical malpractice action defendant appeals from (1) an order of the Supreme Court, Nassau County, dated August 16, 1976, which granted plaintiffs' motion for a trial preference and (2) a further order of the same court, dated September 10, 1976, which denied his motion, *inter alia,* to resettle the original order. Orders affirmed, without costs or disbursements. It was not an abuse of discretion to grant plaintiffs a trial preference. Hopkins, Acting P. J., Martuscello, Latham and Damiani, JJ., concur.

■ In the Matter of CHARLES W. BATES, as Commissioner of Social Services of the County of Westchester, Appellant, v STEPHEN BERGER, as Commissioner of Social Services of the State of New York, Respondent. JAN A. ZUCKERMAN, Intervenor-Respondent.—In a proceeding pursuant to CPLR article 78 by the Commissioner of Social Services of the County of Westchester to review a determination of the New York State Commissioner of Social Services, dated April 15, 1975 and made after a statutory fair hearing, which reversed petitioner's determination not to make payment of a bill rendered to the local department for services of a "rehabilitation attendant" (the reason given for refusal was that the services did not conform to the State medical handbook guidelines for the administration of the New York Medicaid program pursuant to the authority of section 363 *et seq.* of the Social Services Law), petitioner appeals from a judgment of the Supreme Court, Westchester County, dated April 15, 1976, which, *inter alia,* confirmed the determination and dismissed the petition. Judgment affirmed, without costs or disbursements. The Commissioner of Social Services of the County of Westchester is required to proceed in compliance with the interpretation of the regulations of the State Department of Social Services by the State Commissioner of Social Services (see *Matter of Samuels v Berger,* 55 AD2d 913. Furthermore, this court holds that the decision of the New York Department of Social Services has a rational basis in the record, and is neither arbitrary, capricious or violative of lawful procedure *(Matter of Pell v Board of Educ.,* 34 NY2d 222). Latham, Acting P. J., Margett, Titone and Mollen, JJ., concur.