OPINION OF THE COURT
Joseph P. Kuszynski, J.
This motion concerns an application for attorney’s fees made pursuant to sections 1983 and 1988 of title 42 of the United States Code, in an action brought to compel the issuance of a decision in a fair hearing proceeding.
Petitioner, Dixie Lee Gayton, was represented by the Mon *781 roe County Legal Assistance Corporation, Southern Tier Legal Services Branch, at a fair hearing to review a determination of the Cattaraugus County Department of Social Services where at issue was the denial of her eligibility to receive funds for housekeeping services allowable by title XX of the Federal Social Security Act (US Code, tit 42, § 1397 et seq.) and implemented in New York State through the Comprehensive Annual Services Program Plan.
It appears from the record that the attorney who is handling petitioner’s case asked for a review of the adverse determination on September 2, 1976 and the fair hearing was held on November 10, 1976. After some time had passed, he wrote on July 14, 1977 to the respondent Carmen Shang, who is the Acting Commissioner of the Department of Social Services of the State of New York, and inquired of him when a decision would be made. When the inquiry remained unanswered, petitioner commenced this article 78 proceeding on August 29, 1977 to compel the State Department of Social Services to render a decision.
The relief which petitioner sought in the article 78 proceeding, the handing down of a decision, was grounded upon the regulations of the State Department of Social Services which state that a decision "shall be issued as promptly as feasible and within 90 days from the date the request for a fair hearing is received by the department”. (18 NYCRR 358.18 [a], Cf. 18 NYCRR 403.6, 404.1 [f] [3], and also the Federal regulations which state that in an appeal of the denial of social services "[p]rompt, definitive, and final administrative action shall be taken within 90 days from the date of the request for a hearing”. 45 CFR 205.10 [a] [16], 228.14.)
The petitioner underscores in her petition that approximately one week after the article 78 proceeding was commenced the fair hearing decision was issued by the State Department of Social Services on September 7, 1977 and it was in her favor.
Petitioner’s application for counsel fees states that because of the delay in the decision, respondent Shang had deprived the petitioner of her rights, privileges and immunities secured by Federal law under color of State law as alluded to in section 1983 of title 42 of the United States Code. She submits the issuance of the decision on September 7, 1977 was a direct consequence of the filing of the article 78 proceeding and therefore entitling her to an award of attorney’s fees as part *782 of the costs pursuant to the Civil Rights Attorney’s Fees Act of 1976 (US Code, tit 42, § 1988).
The relevant hereto portion of section 1988 of title 42 of the United States Code reads: "in any action or proceeding to enforce a provision of section * * * 1983 * * * of this title * * * the court, in its discretion, may allow the prevailing party * * * a reasonable attorney’s fee as part of the costs.” (Emphasis supplied.)
This court does not agree with petitioner’s interpretation of the two cases cited by her that the discretionary wording of section 1988 of title 42 of the United States Code is to be considered mandatory. In Newman v Piggie Park Enterprises (390 US 400) the Supreme Court allowed attorney’s fees in a case involving racial discrimination. The court declared (p 402) therein that its decision was an attempt to "encourage individuals injured by racial discrimination to seek judicial relief’. It was based on a desire to insure the vindication of a policy "that Congress considered of the highest priority.” (See Tatum v Morton, 386 F Supp 1308.)
The second case, Beazer v New York City Tr. Auth. (558 F2d 97), involved a challenge to the Transit Authority’s blanket refusal to employ any former heroin addicts participating in or having completed a methadone program regardless of individual merits. This case, again, deals with an important area of civil rights — employment discrimination.
Illegal bias or discrimination, which the "civil rights” statutes seek to remedy, is not here in issue, but the performance of a required act by a State official — the handing down of a decision by a hearing officer. It cannot be therefore said that an award of attorney’s fees is mandated in the present action.
Nor does this court deem it proper to grant an award of attorney’s fees in this situation as a matter of discretion. The basic question posed here is whether in "the interest of justice” an award of attorney’s fees is required. (Hall v Cole, 412 US 1.)
The policy of our Nation’s court system has been, generally speaking, to deny awards of attorney’s fees except in restricted areas of litigation. (Runyon v McCrary, 427 US 160.) To allow an award in the present case would lead toward a realization of the fear that "the exception would swallow up the general rule and result in awarding fees to successful parties in all statutory causes of action.” (Wilderness Soc. v Morton, 495 F2d 1026, 1031.)
*783 Moreover, this court must question the wisdom of allowing an award of attorney’s fees where the respondent is a State official responsible for the operation of a department which among others, discharges quasi-judicial functions. Section 1983 of title 42 of the United States Code is, at least theoretically, limited to suits against "persons” and not States. The Supreme Court under the doctrine of Matter of Young (209 US 123), and similar cases has permitted suits against States under section 1983 under the fiction that State officials may act independently of their roles as State representatives. The fact remains, however, that the Supreme Court has only applied the Young theory to cases involving injunctive relief regarding unconstitutional actions by State officials. "To date, however, the Supreme Court has not seen fit to extend the doctrine of Ex parte Young to permit the recovery of monetary damages.” (Westberry v Fisher, 309 F Supp 12, 19.)
In the case at hand, petitioner is clearly attempting to utilize the Young doctrine in her attempt to hold the respondent Shang personally liable for the nonfeasance of the New York State Department of Social Services. Thus, to allow petitioner to recover attorney’s fees pursuant to section 1988 would in effect permit her a monetary recovery from the State Treasury in a section 1983 proceeding. Such a result would be contrary to the United States Supreme Court decisions.
Petitioner’s request for attorney’s fees is denied.