Joanne SWIFT, Individually and on behalf of her minor daughter Michelle Swift, and on behalf of all other persons similarly situated, Plaintiffs,

v.

Philip L. TOIA, Individually and as Commissioner of the New York State Department of Social Services and Charles Bates, Individually and as Commissioner of the Westchester County Department of Social Services, Defendants.

No. 77 Civ. 2425 (HFW).

United States District Court,
S. D. New York.

May 1, 1978.

Westchester Legal Services, Inc., New Rochelle, N. Y., for plaintiffs; Eileen Landau, Yonkers, N. Y., Martin A. Schwartz, Lawrence S. Kahn, White Plains, N. Y.,

Steven A. Hitov, New Rochelle, N. Y., of counsel.

Louis J. Lefkowitz, Atty. Gen. of the State of New York, New York City, for defendant Toia; Marion R. Buchbinder, Deputy Asst. Atty. Gen., New York City, of counsel.

Charles G. Finch, Rochester, N. Y., for defendant Gabriel T. Russo; Frank P. Celona, Rochester, N. Y., of counsel.

Mid-Hudson Legal Services, Inc., Poughkeepsie, N. Y., for Proposed Intervenor Maxine Cook; Jane E. Bloom, Kathryn S. Lazar, Poughkeepsie, N. Y., of counsel.

Monroe County Legal Assistance Corp., Rochester, N. Y., for Proposed-Intervenor Lylia Roe; Marianne Artusio, Rochester, N. Y., of counsel.

## MEMORANDUM DECISION

WERKER, District Judge.

Plaintiff Swift instituted suit on her own behalf and on behalf of her daughter against defendants Toia, Commissioner of the New York State Department of Social Services and Bates, Commissioner of the Westchester County Department of Social Services, in their official and individual capacities. She seeks injunctive and declaratory relief and monetary damages in this action brought pursuant to 42 U.S.C. § 1983[1] and directly under the fourteenth amendment. Jurisdiction is predicated upon 28 U.S.C. §§ 1343(3) and 1331.

The complaint alleges a violation of constitutional rights through defendants' policy of prorating public assistance grants when an individual who has no legal obligation to support a family receiving Aid to Families With Dependent Children ("AFDC"), and who receives non-welfare income sufficient to meet his or her own needs, resides with an AFDC family composed of a parent or caretaker relative and at least one needy

---

1. Section 1983 provides:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

child. Specifically, plaintiff alleges that this policy (1) is violative of the Supremacy Clause of Article VI of the United States Constitution and is therefore unconstitutional; (2) violates the due process and equal protection clauses of the fourteenth amendment; and (3) violates plaintiff's rights of privacy and freedom of association as guaranteed by the first, ninth and fourteenth amendments.

There are five motions currently pending which will be considered in this opinion.

## FACTS

Mrs. Swift resides in Larchmont, New York with her minor children Michelle, age four and William Rooney, age eleven. Plaintiff and her daughter receive public assistance in the form of AFDC through the Westchester County Department of Social Services. This AFDC grant is plaintiff's sole source of income. William receives $150 per month from his father (plaintiff's former husband) pursuant to a support order and is therefore ineligible for public assistance.

From May, 1975 until November, 1975, plaintiff received an AFDC grant of $398 monthly for a household of three. This figure included a $200 basic needs allowance for three people plus $198 for plaintiff's actual rent[2] during that period of time. After plaintiff informed the Westchester County Department of Social Services that she was in receipt of William's monthly support payments her grant was recomputed to include a $200 basic needs allowance for a three person household plus a $234 rent allowance, which was then her actual rent, for a total of $434. William's $150 monthly support payment was then deducted leaving a grant of $284. Plaintiff contested the grant reduction and an administrative fair hearing was conducted. Subsequently the grant was again recomputed. Instead of deducting the full $150 monthly child support payment from the grant, only $144.66 of that amount per month was deducted. This $144.66 repre-

sented the actual amount of William's per capita monthly needs. The final grant therefore was $289.34, representing two-thirds of the basic shelter and needs allowance for a three person household.

Plaintiff contends that William should not be included in her household and that the proper amount of her AFDC grant should be $362, consisting of a $150 basic needs allowance for two people plus a $212 maximum rent allowance for two rather than two-thirds of the grant for a three person household. She argues that defendants' policy of prorating grants without proving any actual income contribution by William to her and Michelle violates the Social Security Act and federal implementing regulations insofar as it incorporates a blanket assumption that a non-legally responsible individual is contributing to the AFDC household, or that his presence creates a reduced need due to economies of scale without an inquiry into the facts of the particular case.

## THE MOTION TO AMEND

■ Plaintiff has moved to amend the complaint pursuant to Fed.R.Civ.P. 15(a) to conform class action allegations to defendants' policy as set forth in defendants' affidavit in opposition to plaintiff's class certification motion. Defendants oppose the amendment and contend that they are entitled to judgment on the pleadings under Fed.R.Civ.P. 12(c) under either the original or amended complaint. However, since I have concluded for the reasons set forth below that defendants are not entitled to judgment on the pleadings, and that defendants will not be prejudiced by such an amendment, this is a proper instance in which leave should be freely given. See Foman v. Davis, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962); Gumer v. Shearson, Hammill & Co., 516 F.2d 283, 287 (2d Cir. 1974); 6 C. Wright & A. Miller, Federal Practice and Procedure § 1473 (1971). Accordingly, the motion for leave to file an amended complaint is granted.

---

**2.** 18 N.Y.C.R.R. § 352.3 (1977) provides for a maximum rent allowance of $259 monthly for a three person household or the actual amount of rent paid, whichever is less.

## THE MOTION FOR JUDGMENT ON THE PLEADINGS

Defendants have moved for judgment on the pleadings. The first ground asserted is lack of subject matter jurisdiction under 28 U.S.C. §§ 1343(3) and 1331.

■ It is well settled that "municipal and state officials, sued in their official capacities, are 'persons' within the meaning of § 1983 when they are sued for injunctive or declaratory relief." *Monell v. Department of Social Services of the City of New York,* 532 F.2d 259, 264 (2d Cir. 1976), *cert. granted,* 429 U.S. 1071, 97 S.Ct. 807, 50 L.Ed.2d 789 (1977), argued Nov. 2, 1977, 46 U.S.L.W. 3304 (U.S. Nov. 8, 1977) (No. 76–1914).

■ To the extent plaintiff seeks money damages against Toia and Bates in their official capacities, however, she may not prevail. When a state official such as Toia is sued in his official capacity for money damages, the eleventh amendment bars such action since any judgment would necessarily be satisfied from state funds. *See Edelman v. Jordan,* 415 U.S. 651, 663, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974); *Monell,* 532 F.2d at 265. And, since a county is not a "person" for purposes of § 1983 actions, *see City of Kenosha v. Bruno,* 412 U.S. 507, 93 S.Ct. 2222, 37 L.Ed.2d 109 (1973); *Moor v. County of Alameda,* 411 U.S. 693, 93 S.Ct. 1785, 36 L.Ed.2d 596 (1973); *Monroe v. Pape,* 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961), this court lacks jurisdiction to award money damages against Bates in his official capacity since such award would also necessarily be satisfied from public funds. *See Monell,* 532 F.2d at 265–66.

Plaintiff also asserts a claim for damages against both defendants in their individual capacities. Defendants argue a good faith defense, *see Wood v. Strickland,* 420 U.S. 308, 95 S.Ct. 992, 43 L.Ed.2d 214 (1975); *Scheuer v. Rhodes,* 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974), and on that basis contend that no liability for damages exists against them in their individual capacities. Such an argument is prematurely presented.

■ Initially it must be determined whether plaintiff may assert personal liability based upon the individual conduct of each defendant. The Second Circuit has recently noted that "[i]t is not necessary for § 1983 liability that the appellees directed any particular action with respect to these specific individuals, only that they· *affirmatively* promoted a policy which sanctioned the type of action which caused the violations." *Duchesne v. Sugarman,* 566 F.2d 817, 831 (2d Cir. 1977) (emphasis in original). Under such a rationale of personal accountability for "affirmative policy-making which may have caused the misconduct," *id.,* plaintiff may properly attempt to hold Toia personally liable for damages. Ultimately he will be personally answerable in damages only if "he knew or reasonably should have known that the action he took within his sphere of official responsibility would violate the constitutional rights of [plaintiff], or if he took the action with the· malicious intention to cause a deprivation of constitutional rights or other injury to [plaintiff]." *Wood v. Strickland,* 420 U.S. at 322, 95 S.Ct. at 1001.

■ Plaintiff may not attempt to hold Bates personally liable for damages under § 1983 because as county commissioner he does not engage in policy making. Bates as a local commissioner is merely Toia's agent who is bound by both Toia's fair hearing decisions in individual cases and Toia's interpretations of the State Department of Social Services' Regulations. *Samuels v. Berger,* 55 A.D.2d 913, 914, 390 N.Y.S.2d 445, 446 (2d Dep't 1977); *Bates v. Berger,* 55 A.D.2d 950, 391 N.Y.S.2d 147, 148 (2d Dep't 1977).

■ Aside from the above basis of jurisdiction under 28 U.S.C. § 1343(3) through a § 1983 claim, plaintiff also attempts to assert a fourteenth amendment claim coupled with an amount in controversy exceeding $10,000, predicating jurisdiction upon 28 U.S.C. § 1331, the general federal question statute. Defendants once again assert a lack of subject matter jurisdiction under § 1331. Although subject matter jurisdiction is lacking under § 1331 as to any claim

against Toia in his official capacity by virtue of the eleventh amendment, *see generally* 13 C. Wright & A. Miller, § 3524 (1975), there appears to be jurisdiction as to Toia in his individual capacity and Bates in his official and individual capacities for purposes of a direct cause of action under the fourteenth amendment. *See Gentile v. Wallen,* 562 F.2d 193, 196 (2d Cir. 1977); *see also Arthur v. Nyquist,* 573 F.2d 134, at 140, n.9 (1978). Whether only equitable relief is available instead of money damages is an open issue in this Circuit. *Gentile v. Wallen,* 562 F.2d at 197, n.4; *O'Grady v. City of Montpelier,* 573 F.2d 747 at 752, n.14 (2d Cir. 1978).

▮ Defendants' last argument related to subject matter jurisdiction is that jurisdiction should be declined on the basis that plaintiff's claims are insubstantial. This argument must be rejected. Upon a reading of the complaint it is obvious that plaintiff's arguments are neither so frivolous nor so insubstantial as to be beyond this court's jurisdiction. *Hagans v. Lavine,* 415 U.S. 528, 539, 94 S.Ct. 1372, 39 L.Ed.2d 577 (1974).

Having determined that there is subject matter jurisdiction as delineated above to entertain plaintiff's complaint, I will now turn to the balance of defendants' motion for judgment on the pleadings.

Defendants contend that plaintiff has failed to state a claim upon which relief may be granted, because their policy is not violative of the supremacy clause, due process, equal protection or rights to privacy and free association. Specifically they allege that prorating an AFDC grant when a non-legally responsible individual whose needs are actually met by a non-AFDC source resides with an AFDC family consisting of a parent or caretaker relative and at least one child is proper. Defendants base this argument on economies of scale and contend that it incorporates no impermissible attribution of income contribution from the self-sufficient member to the AFDC household.

## DISCUSSION

AFDC is a public assistance plan wherein the federal government provides funds to participating states on a matching fund basis to aid the "needy child . . . who has been deprived of parental support or care by reason of the death, continued absence from the home, or physical or mental incapacity of a parent, and who is living with" any statutorily enumerated relatives. 42 U.S.C. 606(a); *Van Lare v. Hurley,* 421 U.S. 338, 340, 95 S.Ct. 1741, 1744, 44 L.Ed.2d 208 (1975). Any participating state seeking matching federal funds must operate its program in conformity with the Social Security Act (the "Act"). *Van Lare v. Hurley,* 421 U.S. at 340, 95 S.Ct. 1741. In addition to the Act there exist implementing regulations in the Code of Federal Regulations with which participating states must also comply.

Plaintiff contends that defendants' proration policy violates two such federal regulations which provide as follows:

§ 233.20 Need and amount of assistance.

(a) *Requirements for State Plans.* A State Plan for OAA, AFDC, AB, APTD or AABD must, as specified below:

\* \* \* \* \* \*

(2) Standards of assistance.

(iv) Include the method used in determining need and the amount of the assistance payment.

\* \* \* \* \* \*

(viii) *Provided that the money amount of any need item included in the standard will not be prorated or otherwise reduced solely because of the presence in the household of a non-legally responsible individual; and the agency will not assume any contribution from such individual for the support of the assistance unit.*

42 Fed.Reg. 6584 (1977) (to be codified in 45 C.F.R. § 233.20) (emphasis supplied).

§ 233.90 Factors specific to AFDC.

(a) *State plan requirement.* A State plan under title IV–A of the Social Security Act must provide that the determination whether a child has been deprived of

parental support or care by reason of the death, continued absence from the home, or physical or mental incapacity of a parent, or (if the State plan includes such cases) the unemployment of his father, will be made only in relation to the child's natural or adoptive parent, or in relation to the child's stepparent who is ceremonially married to the child's natural, adoptive parent and is legally obligated to support the child under State law of general applicability which requires stepparents to support stepchildren to the same extent that natural or adoptive parents are required to support their children. Under this requirement, the inclusion in the family, or the presence in the home, of a "substitute parent" or "man-in-the-house" or any individual other than one described in this paragraph is not an acceptable basis for a finding of ineligibility or for assuming the availability of income by the State; *nor may the State agency prorate or otherwise reduce the money amount for any need item included in the standard on the basis of assumed contributions from nonlegally responsible individuals living in the household. In establishing financial eligibility and the amount of the assistance payment, only such net income as is actually available for current use on a regular basis will be considered, and the income only of the parent described in the first sentence of this paragraph will be considered available for children in the household in the absence of proof of actual contributions.* 42 Fed.Reg. 6584 (1977) (to be codified in 45 C.F.R. § 233.90) (emphasis supplied).

The above regulations were amended after the Supreme Court's decision in *Van Lare v. Hurley,* 421 U.S. 338, 95 S.Ct. 1741, 44 L.Ed.2d 208 (1975). There the Court invalidated a New York State regulation requiring the shelter allowance of AFDC families to be reduced pro-rata when a non-legally responsible individual resided with the AFDC family. The Court, citing its prior decisions in *King v. Smith,* 392 U.S. 309, 88 S.Ct. 2128, 20 L.Ed.2d 1118 (1968) and *Lewis v. Martin,* 397 U.S. 552, 90 S.Ct. 1282, 25 L.Ed.2d 561 (1970), construed "fed-eral law and regulations as barring the States from assuming that nonlegally responsible persons will apply their resources to aid the welfare child." *Van Lare v. Hurley,* 421 U.S. at 347, 95 S.Ct. at 1747. Consequently the Court found the New York regulations providing for proration of shelter allowance invalid "insofar as they are based on the assumption that the non-paying lodger is contributing to the welfare household, *without inquiry into whether he in fact does so." Id.* at 346, 95 S.Ct. at 1747 (emphasis added).

◾ The Department of Health, Education and Welfare ("HEW"), in implementing the above-quoted amendments to conform to the Supreme Court's *Van Lare* decision, responded to comments on the regulations from state and local welfare agencies. In those comments HEW made perfectly clear that the amended regulations require a state, before reducing AFDC allowances pro-rata, "to determine whether actual contributions have been made" to the AFDC recipients by the non-legally responsible individual living in the AFDC home. 42 Fed. Reg. 6583. Plaintiff alleges that the state failed to make such a determination in her case and that such failure resulted in an impermissible assumption of income contribution from William to her household. Upon a reading of the above amended regulations and HEW's comments thereto, it is clear that such a failure to determine actual contribution to the household before proration conflicts with the federal implementing regulations and does result in an impermissible assumption of income. Defendants' protestations to the contrary must fail.

Defendants do not claim that at either plaintiff's administrative fair hearing, or later during the preparation of the decision after fair hearing, that an inquiry as to actual contribution from William to the AFDC household was made. Instead they rely on *Padilla v. Wyman,* 34 N.Y.2d 36, 356 N.Y.S.2d 3, 312 N.E.2d 149, *appeal dismissed,* 419 U.S. 1084, 95 S.Ct. 672, 42 L.Ed.2d 677 (1974) for the proposition that a prorated grant for a multiperson household

reflects only a decreased per capita cost of needs and no attribution of income contribution by one member of the household to the other. Reliance upon *Padilla* in the present factual context is misplaced, however.

The petitioner in *Padilla* was a recipient of an Old Age Assistance grant of $84 per month. Upon moving in with her daughter and grandchild who were AFDC recipients, her basic needs grant was reduced to $60 per month which was computed on an economies of scale basis. Petitioner challenged the grant reduction on equal protection grounds but did not succeed. The New York Court of Appeals stated:

> The rationale behind the reduction in amount of grants to recipients in a multi-person household is not obscure. The amount of a grant is directly related to the measure of a recipient's needs. In a multiperson household the per capita cost of many items, since they are shared, will be less. This consequence involves no attribution of the contribution by any one member of the household to the maintenance of any other member. Each contributes his own share to the reduced pooled costs. Nor is any reduction in the standard of living implied. Accordingly the reduction in petitioner's grant in consequence of her having joined her daughter and granddaughter to form a three-person household has a rational basis and must be sustained.

*Id.* at 40, 356 N.Y.S.2d at 5–6, 312 N.E.2d at 151 (citations omitted).

The *Padilla* case is clearly distinguishable on its facts. First, it involved a cooperative budgeting situation, that is, a living arrangement where two or more public assistance units reside together. The present case is not such a situation. Secondly, all the household members in *Padilla* were welfare recipients. Hence the issue of an impermissible assumption of income to an AFDC unit by a non-legally responsible individual who receives non-welfare income never arose. Finally, as the *Padilla* court noted, "[f]rom the standpoint of the administration of welfare programs there is a difference of some substance between a family composed entirely of persons on public assistance and one which includes both welfare recipients and self-supporting persons." Consequently *Padilla* cannot be deemed determinative of the issues in this action.

■ It is apparent from the above that, accepting the allegations of plaintiff's complaint as true, *Conley v. Gibson*, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1967), the defendants are not entitled to judgment on the pleadings on grounds that plaintiff has failed to state a claim in alleging that their policy of grant proration in her factual situation violates the supremacy clause. Because of this determination I find it unnecessary to address defendants' other arguments in support of their motion. Even if they were to prevail on any one other ground the motion would still necessarily be denied on the basis of the supremacy clause claim which I have sustained.

## INTERVENTION MOTIONS

■ Two proposed plaintiff-intervenors, Cook and Roe, have moved pursuant to Fed.R.Civ.P. 24(b)(2) which permits intervention "when an applicant's claim . . . and the main action have a question of law or fact in common." Both proposed intervenors allege that their AFDC public assistance grants were prorated pursuant to the defendants' policy as alleged by the original plaintiff Swift. They therefore wish to challenge such policy on the same grounds. The facts of the proposed intervenors' situations, although similar to those of plaintiff's situation, are not identical. For purposes of this motion, however, identity of facts is not necessary and it is sufficient that a common question of law is presented. *Davis v. Smith*, 431 F.Supp. 1206, 1209 (S.D.N.Y.1977). On that basis the two motions to intervene are granted. Additionally, the intervenors may add as defendants the county commissioners of the departments of social services for their respective counties

pursuant to the permissive joinder provisions of Rule 20(a).[3]

## THE CLASS ACTION MOTION

At this juncture the motion for class certification pursuant to Fed.R.Civ.P. 23(a) and (b)(2) must be denied without prejudice to renew upon submission of data concerning numerosity of the proposed class as defined in the amended complaint.

The proposed class consists of

"persons who are residents of the State of New York, who are, were, or will be recipients of AFDC and whose grants have been, are being, or are threatened to be reduced, modified or suspended pursuant to defendants' policy of prorating the public assistance grant when an individual who has no legal obligation to support the AFDC family and who receives non-welfare income sufficient to meet his or her needs resides with an AFDC family consisting of a parent or caretaker relative and at least one needy child."

Amended Complaint, ¶ 7.

Upon renewal of this motion the parties may rely upon all legal memoranda previously submitted to the court in addition to any further briefs which they elect to submit.

In accordance with this opinion the motion for leave to file an amended complaint is granted; the motion for judgment on the pleadings is denied; the motions to intervene and add appropriate parties defendant are granted; the motion to maintain a class action is denied without prejudice to renew within twenty days from entry of this decision.

SO ORDERED.

---

**3.** The textual discussion concerning the court's subject matter jurisdiction over claims asserted against county commissioner Bates is equally applicable to these additional party defendants.