*47 OPINION OF THE COURT
Elizabeth W. Pine, J.
This is an application for an award of attorney’s fees pursuant to the Civil Rights Attorney’s Fees Awards Act of 1976 (the act).[1]
The underlying issue in this case was whether a local social services official — who is required by law to notify a recipient of a determination to discontinue public assistance payments —may forward such notice in an envelope bearing, on its face, special printed instructions which ensure that the notice within will fail to reach the addressee.[2]
At oral argument on March 13, 1978, the court granted petitioner judgment under petitioner’s second and third claims, reversing and annulling the decision of the State respondent, on the grounds that the notice of termination was neither "timely” (18 NYCRR 358.8 [a] [1]; see 18 NYCRR 358.8 [d] [1] [v]) nor "adequate” (18 NYCRR 358.8 [a] [2]) within the meaning of the regulations of the State respondent. The court also granted petitioner injunctive relief under her first claim (a claim for injunctive relief under section 1983 of title 42 of the United States Code) on the ground that the manner in which the agency "notified” petitioner of its determination failed to meet the requirements of due process. (See, e.g., Goldberg v Kelly, 397 US 254, 267-268; Mullane v Central *48 Hanover Trust Co., 339 US 306, 314-315.)[3]
Petitioner’s due process claim under section 1983 of title 42 of the United States Code is allowed solely with respect to the local respondent, and only to the extent that the local respondent is enjoined from using envelopes not only failing to request any forwarding address filed with the post office, but also marked, in sum or in substance, "do not forward”, for the purpose of giving "notice” pursuant to 18 NYCRR 358.8.
On March 20, 1978, additional oral argument was heard relating to the issue of attorneys’ fees, together with a motion to correct the wherefore clause of the petition to conform to the request for relief stated in the show cause order which brought on this proceeding. The corrective motion, to which there has been no objection, is granted. (CPLR 405, subds [a], [c]; 2001.)
*49 THE ATTORNEY’S FEE CLAIM
A. LEGAL STANDARDS
Just as the courts of this State have concurrent jurisdiction with the Federal courts over claims under section 1983 of title 42 of the United States Code itself (see, e.g., Cooper v Morin, 50 AD2d 32; Clark v Bond Stores, 41 AD2d 620; Brody v Leamy, 90 Misc 2d 1), that jurisdiction is now extended to attorneys’ fee claims awarded under the act (US Code, tit 42, § 1988), which was passed by Congress to help effectuate the enforcement of claims under section 1983. Even before the amendment of section 1988 to include the provisions of the act, this section was authoritatively held controlling in State court proceedings based upon the deprivation of a Federal right. (See Sullivan v Little Hunting Park, 396 US 229, 239-240.) This result is an appropriate one, since the area of Federal civil rights — like that of national relations (see Teamsters Local v Lucas Flour Co., 369 US 95, 103) — is one which calls for uniformity in the law.
Petitioner’s attorney’s fees claim under the act is not barred by the Eleventh Amendment to the Federal Constitution. While the question appears not to have been passed upon by the United States Supreme Court,[4] it was the rule in several Federal circuits even before the act was adopted— including the Second Circuit[5] — that attorneys’ fees could be awarded against a State official sued in his official capacity in a section 1983 case. Under the act, the viability of such a claim in the face of an Eleventh Amendment defense is even clearer, since Congress intended the act as an exercise of its power under section 5 of the Fourteenth Amendment (Bond v Stanton, 555 F2d 172, 175, supra [citing legislative history]), and since, in the exercise of this power, Congress may by legislation provide for private suits against States or State officials even where otherwise constitutionally impermissible. (Fitzpatrick v Bitzer, 427 US 445, 456.)[6] Clearly — and particu *50 larly where, as here, injunctive relief[7] which is prospective in nature is sought against a public official acting in her official capacity (see Class v Norton, 505 F2d 123, supra) — an award of attorneys’ fees in connection with a section 1983 claim is not barred by the Eleventh Amendment.
Nor is the attorney’s fee claim barred under the Tenth Amendment. Enforcement of the act would impair neither New York’s "integrity” as a State, nor its "ability to function effectively in a federal system” (Fry v United States, 421 US 542, 547, n 7).
B. DISCRETIONARY CONSIDERATIONS
Under the act, attorneys’ fees may be awarded to the prevailing party in the court’s discretion. In the instant case, the applicant for attorneys’ fees clearly is the prevailing party. (Cf. Cooper v Morin, 91 Misc 2d 302.) The court finds unpersuasive the State respondent’s contention that an award of attorney’s fees should be disallowed because such an award would convert petitioner’s section 1983 claim — that is, a claim for injunctive relief — into a "fee generating” case (US Code, tit 42, § 2996f, subd [b], par [1]) within the meaning of the Legal Services Corporation Act of 1974. (US Code, tit 42, § 2996 et seq. See, e.g., Alyeska Pipeline Co. v Wilderness Soc., 421 US 240, 262, n 36 [citing legislative history of Legal Services Corporation Act]; Torres v Sachs, 538 F2d 10; Incarcerated Men of Allen County Jail v Fair, 507 F2d 281, 286; and cf. Cooper v Morin, p 359, supra.)
The court not having extended to petitioner, under her section 1983 claim, any relief against the State respondent, the court is not presented in the instant case with the issue of whether an award of attorneys’ fees might ever be appropriate in connection with a claim arising from the malfeasance or nonfeasance of a quasi-judicial act such as the conduct of an administrative hearing. (See Matter of Gayton v Shang, 93 Misc 2d 780, supra.)
By its terms, the act makes it clear that the litigant who prevails in a section 1983 claim is not, per se, to receive attorneys’ fees as a matter of entitlement, but rather, may receive them in the discretion of the court. In the exercise of *51 its discretion under section 1988 of title 42 of the United States Code, the court denies the application for attorneys’ fees in the instant case, for the reasons stated herein.
The instant case involved simple factual and legal claims. Unlike the principal case relied upon by petitioner, the instant case, in its entirety, involved very few rather than literally hundreds of attorney hours. (Cf. Johnson v Georgia Highway Express, 488 F2d 714 [cited in 1976 US Code Cong & Admin News, vol 5, p 5913 as containing the "appropriate standards” to be applied in attorneys’ fee cases under the act].) Furthermore, only the services in connection with petitioner’s section 1983 claim[8] could even be considered here. There is no showing that the Johnson tests have been met by petitioner.

. (US Code, tit 42, § 1988.)

. In mid-October, 1977, petitioner, an applicant for public assistance under the State Home Relief program whose application was made September 28, 1977, moved to a new address within the county. While petitioner did not actually notify the local department of social services of her move until on or about November 17, 1977, she did file her forwarding address with the post office, effective October 9, 1977. A check mailed to petitioner in an envelope postmarked October 28, 1977, bearing instructions not to forward the check, was returned by the local agency marked "moved.” Having received the foregoing letter by return mail, the local agency thereupon purported to give legally mandated "notice” (18 NYCRR 358.8) of its decision to terminate petitioner’s grant by letter postmarked October 31, 1977 instructing the petitioner of the agency’s intention to close her case effective the next day. The agency, moreover, mailed this "notice” in an envelope marked with the same special instructions printed on the envelope in which petitioner’s check had been mailed: "do not forward/if undeliverable as addressed return to sender.” As a result of the local agency’s use of this envelope to "notify” petitioner of the termination of her assistance and of her right to a fair hearing, the notice not only failed to reach petitioner at her forwarding address in time to notify her of the agency’s determination in advance of its effective date, but also, very predictably, failed to reach petitioner at all.

. Petitioner’s claim for injunctive relief, on Federal constitutional grounds pursuant to section 1983 of title 42 of the United States Code, was erroneously pleaded as a claim under CPLR article 78.
Where an action is commenced in improper form, a special proceeding under CPLR article 78 may be converted to a plenary action (Matter of Cromwell Towers Redevelopment Co. v City of Yonkers, 41 NY2d 1), or vice versa (Port Chester Elec. Constr. Corp. v Atlas, 40 NY2d 652; CPLR 103, subd [c]; 3017, subd [a]). Moreover, under the CPLR, a special proceeding and a plenary action involving common questions of law or fact may be consolidated (Matter of Elias v Artistic Paper Box Co., 29 AD2d 118; Schuster v 490 West End Corp., 26 AD2d 535). Accordingly, where claims within a single pleading are partly in the nature of an article 78 proceeding and partly in the nature of a plenary action, the respective claims may be separately treated in light of the procedural and substantive provisions applicable to each. (See, e.g., Matter of Springut v Don & Bob Rests, of Amer., 57 AD2d 302.)
Constitutional claims relating to the past application of statutes or regulations by administrative act, as distinguished from a legislative act itself, may generally be made, and appropriate relief requested, in a special proceeding under article 78 (Matter of Kovarsky v Housing & Dev. Admin. of City of N. Y., 31 NY2d 184). It is recognized, however, that where, as here, prospective injunctive relief is sought, a claim made under article 78 may be converted to a plenary claim for injunctive relief. (See, e.g., Matter of Fritz v Huntington Hosp., 39 NY2d 339.) Moreover, in the instant case, treatment of petitioner’s constitutional claim under section 1983 of title 42 of the United States Code as a plenary claim for injunctive relief rather than as a claim for relief under article 78 is especially appropriate, since article 78 proceedings are neither designed for nor suited to the disposition of constitutional claims for injunctive relief pursuant to section 1983.
The court accordingly treated petitioner’s first cause of action, section 1983, as a plenary claim rather than as one under CPLR article 78. This claim was submitted to the court on a full and adequate record which included verified pleadings. Since no questions of fact were presented and the record was one patently appropriate for summary relief (cf. Rovello v Orofino Realty Co., 40 NY2d 633, 635), the court disposed of petitioner’s section 1983 claim on the merits. (See, e.g., Sand & Co. v Goldin, 59 AD2d 213.)

. See Bond v Stanton (528 F2d 688, vacated 429 US 973 [remanding for consideration in light of the act], on remand 555 F2d 172 [sustaining original award, under the act]).

. See Class v Norton (505 F2d 123 [awarding attorney’s fees, prior to passage of the act, against a State welfare official in his official capacity]); see, also, Huecker v Milburn (538 F2d 1241, 1244, n 5 [citing cases from six of the Federal circuits, four allowing attorney’s fees in these circumstances]).

. The court notes that an amendment to the act, which would have exempted State and local governments from the provisions of the act was proposed (122 Cong Rec S16432 [daily ed, Sept. 22,1976]), and was tabled (id., pp S16433-16434).

. Unlike the section 1983 claim in the instant case, the underlying claim in Matter of Gayton v Shang (93 Misc 2d 780) was a mandamus claim seeking to compel the issuance of a quasi-judicial fair hearing decision.

. The court is not persuaded that petitioner could be entitled to attorneys’ fees, as claimed, for representation at the administrative hearing below. Parker v Califano (561 F2d 320), upon which petitioner relies for this proposition, is inapposite. The plaintiff, in Parker, was required to take part in certain administrative proceedings before the Equal Employment Opportunity Commission (EEOC) as a statutory prerequisite to filing suit alleging discrimination under title 7 of the Civil Rights Act of 1964 (US Code, tit 42, § 2000e et seq.), and was required to raise her title 7 claims at that administrative proceeding. In stark contrast to this, petitioner, in the instant case, was not required to assert her claim for injunctive relief at the administrative fair hearing which happens to have preceded this action. The fair hearing below was not — nor could it have been — a "proceeding to enforce a provision of section * * * 1983” within the meaning of the act. Counsel, moreover, implicitly recognized this, since no mention of section 1983 or 1988 of title 42 of the United States Code appears either in the record of the hearing or in counsel’s fair hearing summary submitted at the hearing. Nor was petitioner obliged to commence an article 78 proceeding before she could file her plenary constitutional claim for injunctive relief. (See, e.g., Tucker v Toia, 43 NY2d 1 [decided on State constitutional grounds].)