■ In the Matter of PEGGY ZACCHEO, Petitioner, v PHILIP TOIA, as Commissioner of the New York State Department of Social Services, et al., Respondents.—Proceeding pursuant to CPLR article 78 to review a determination of the respondent Commissioner of the New York State Department

of Social Services, dated April 21, 1977, which, after a statutory fair hearing, affirmed a determination of the local agency to reduce the petitioner's public assistance grant. Petition granted to the extent that the determination of the State commissioner is modified, on the law, by adding thereto immediately after the provision that the determination of the local agency is affirmed with respect to the deletion of the shelter grant, a provision that petitioner's basic needs grant is increased from $184 per month to $200 per month, retroactive to the effective date of the determination of the local agency. As so modified, determination confirmed, without costs or disbursements, and matter remanded to the State commissioner for further proceedings consistent herewith. We find that the State commissioner's determination to delete petitioner's shelter allowance was supported by substantial evidence. Upon the record, it is clear that petitioner's present husband, Michael Zaccheo, contributes the full amount of the rent on petitioner's apartment each month. Accordingly, there are no shelter expenses (see *Matter of Scarpelli v Lavine,* 48 AD2d 899, app dsmd 37 NY2d 871). However, we conclude that the local agency has incorrectly calculated petitioner's remaining award for basic needs. While the regulations provide for calculating the rent allowance on a pro rata basis (i.e., the number of eligible recipients divided by the total number of individuals who live in the household) (see 18 NYCRR 352.3 [e]), there exists no analogous provision for calculating basic needs on a pro rata basis. Indeed, the contrary seems true. The regulations provide that for the purpose of calculating the basic needs award, the "children * * * residing with self-maintaining nonlegally responsible relatives or friends, shall be considered as a *separate household"* (18 NYCRR 352.2 [b]) (emphasis added). Accordingly, the petitioner is entitled to a basic needs award of $200 per month and not $184 (see 18 NYCRR 352.2 [e] [Schedule SA-2]). Cohalan, J. P., Margett, Hawkins and O'Connor, JJ., concur.