In the Matter of SARA ASHLEY, Appellant, v SARAH A. CURTIS, as Commissioner of the Steuben County Department of Social Services, et al., Respondents.—Judgment unanimously modified, on the law, and, as modified, affirmed, with costs to petitioner, and matter remitted to Supreme Court, Steuben County, for further proceedings in accordance with the following memorandum: In this article 78 proceeding petitioner claimed

that the termination of her public assistance benefits under the home relief program was violative of section 1983 of title 42 of the United States Code in that the manner in which she was purportedly notified of the termination deprived her of due process of law (US Const, 14th Amdt) and also failed to comply with applicable State regulations. Special Term awarded to petitioner the public assistance payments which respondents had denied and, upon treating petitioner's cause of action under section 1983 as a plenary claim for injunctive relief, enjoined respondent Curtis from using the method of notification shown here on the ground that it failed to meet the requirements of due process. Finally, Special Term denied petitioner's request for attorney's fees made pursuant to section 1988 of title 42 of the United States Code. Petitioner appeals only from the denial of her application for attorney's fees. Special Term correctly determined that attorney's fees may be recovered as part of the costs in State court proceedings instituted to enforce a provision of section 1983 pursuant to the Civil Rights Attorney's Fees Awards Act *(Young v Toia,* 66 AD2d 377). It erred in declining to award such fees on the ground that "There is no showing that the *Johnson [Johnson v Georgia Highway Express,* 488 F2d 714] tests have been met by petitioner". That case dealt with the adequacy of an award for attorney's fees and set forth 12 guidelines to be considered in determining the amount to be awarded. The guidelines are not pertinent, however, to the threshold question of whether an award should be made. Although it is noted in *Johnson* that whether attorney's fees should be allowed is a matter of judicial discretion, the area in which such discretion may properly be exercised has been circumscribed by the rule that in an appropriate case a prevailing plaintiff " 'should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust.' " *(Christiansburg Garment Co. v Equal Employment Opportunity Comm.,* 434 US 412, 416-417, citing *Newman v Piggie Park Enterprises,* 390 US 400, 402; cf. *Matter of Bess v Toia,* 66 AD2d 844.) Inasmuch as no relief based upon section 1983 was granted against respondent Blum, petitioner is not entitled to an allowance of attorney's fees from her (see US Code, tit 42, § 1988; cf. CPLR 8101). With respect to respondent Curtis, however, the case should be remitted for a determination of whether this is an appropriate case in which to grant counsel fees and, if so, for the application of the proper discretionary rule. (Appeal from judgment of Steuben Supreme Court—art 78.) Present—Cardamone, J. P., Simons, Dillon, Schnepp and Witmer, JJ. [96 Misc 2d 45.]