■ In the Matter of WAYNE HOLLEY, Individually and on Behalf of His Wife GAYLE HOLLEY, and His Minor Children, ROBERT HOLLEY et al., Respondent, v BARBARA BLUM, Individually and as Commissioner of the New York State Department of Social Services, et al., Appellants.—Judgment unanimously affirmed, without costs. Memorandum: Petitioners-respondents, a family of five (Wayne Holley, his wife Gayle Holley and their children) reside in the same household with the four McQuoid children (offspring of Gayle by a previous marriage). The Holleys receive Old Age, Survivors and Disability Insurance (OASDI) benefits from the United States Social Security Administration. The McQuoids are recipients of New York State public assistance under the Aid to Families with Dependent Children (AFDC) program. The Holleys sought to qualify for medically indigent Medicaid under section 366 (subd 2, par [a]) of the Social Services Law. In determining the "spend-down" amount (i.e., the amount of medical expenses that the Holleys would have to pay each month from their own income before they could look to Medicaid for reimbursement) appellants computed the amount of the Holley income exemption under section 366 (subd 2, par [a], cl [8], subcl [i]) of the Social Services Law by considering their household to be composed of nine family members (i.e., the five Holleys and the four McQuoids) and "pro-rating" the exemption to a household of five. As stated in the memorandum at Special Term this was error. *Matter of Padilla v Wyman* (34 NY2d 36, app dsmd 419 US 1084), relied upon by the appellants, is inapplicable (see *Swift v Toia,* 450 F Supp 983, 990). The Holleys, as recipients of Federal OASDI payments, are not on public assistance (see *Leone v Blum,* 73 AD2d 252). Nor can they, as persons seeking to be qualified as medically indigent under section 366 (subd 2, par [a], cl [8], subcl [i]) of the Social Services Law in order to be able to obtain reimbursement in

the event of excess expenditures for medical costs, be considered recipients of public assistance so as to come within the *Padilla* rationale; i.e., that in a "multiperson household the per capita costs of many items, since they are shared, will be less." *(Matter of Padilla v Wyman, supra,* p 40). There is no reason to believe that the medical needs of a person who lives in a nine-member household will be any less than the needs of a person who lives alone. The petition alleges violations of the United States Constitution, the Social Security Act and the Federal regulations promulgated thereunder, and Special Term could have based its decision on such violations (see *Swift v Toia,* 461 F Supp 578, 583, affd 598 F2d 312). The award of counsel fees pursuant to section 1988 of title 42 of the United States Code was, therefore, proper (see *Matter of McNeil v Shang,* 69 AD2d 985; *Matter of Ashley v Curtis,* 67 AD2d 828; *Young v Toia,* 66 AD2d 377). (Appeal from judgment of Monroe Supreme Court—CPLR art 78.) Present—Cardamone, J. P., Hancock, Jr., Schnepp, Doerr and Witmer, JJ.