■ FRED CLARK, Appellant, v. BOND STORES, INC., et al., Respondents.— Order, Supreme Court, New York County, entered July 3, 1972, to the extent appealed from, unanimously reversed, on the law, and paragraph "Ninth" of the complaint reinstated. Appellant shall recover of the respondents $60 costs and disbursements of this appeal. The paragraph stricken seeks recovery under section 1983 of title 42 of the United States Code. Since jurisdiction over suits brought under said section has not been restricted to Federal courts, an action thereunder may also be maintained in a State court. (*Grubb* v. *Public Utilities Comm.*, 281 U. S. 470.) Concur — McGivern, J. P., Markewich, Nunez, Kupferman and Murphy, JJ.

■ In the Matter of the Arbitration between MILFORD B. WEINBERGER, Appellant, and GLORIA K. FRIEDMAN, as Executrix of DAVID A. FRIEDMAN, Deceased, Respondent.— Judgment, Supreme Court, New York County, entered on October 30, 1972, denying petitioner's application for a stay of arbitration, unanimously modified, on the law, so as to grant the stay only as to (1) the fact and amount of the overdraw, (2) the disability issue, and (3) the $20,000 obligation of petitioner Weinberger, and otherwise affirmed, without costs and without disbursements. The stay granted by order of this court entered on December 5, 1972, is vacated. Special Term properly concluded that the doctrine of *res judicata* is applicable to issues resolved by earlier arbitration, but it erred in assigning determination of the issue to the province of the arbitrators. The court is the proper forum for determination of its application. The governing principles were enunciated by this court in *Matter of Spring Cotton Mills (Buster Boy Suit Co.)* (275 App. Div. 196, 199–200, affd, 300 N. Y. 586). The controversies previously submitted to arbitration by petitioner herein and the executrix of the deceased partner, David Friedman, and covered by the award later confirmed by the court were limited to the claim to payment of $20,000 in addition to other component elements in computing the purchase price and Weinberger's claim that the deceased partner, Friedman, was disabled during the last fiscal year of his life and his share of the profits was therefore subject to reduction under the terms of the partnership agreement. As part of the resolution of the aforesaid issues, the arbitrators declared an overdraw of $2,259.18 by Friedman. Nothing else was decided. Indeed, there were no other disputes to be decided. After confirmation of the award, the present dispute arose. It involves $5,469.81 which petitioner Weinberger describes as twice the "overdraw" figure plus interest but which the executrix describes as a controversy as to the total purchase price payments, including a claim for interest. We hold that the broader subject of total purchase price payments to be made by Weinberger was not covered by the prior submission and award and, therefore, arbitration of this controversy is proper. Concur — Stevens, P. J., McGivern, Markewich, Nunez and Lane, JJ.