38 N.Y.2d 502 (1976)
Rembrandt Industries, Inc., Respondent,
v.
Hodges International, Inc., Appellant.
Court of Appeals of the State of New York.
Argued November 26, 1975.
Decided January 8, 1976.
J. John Lawler for appellant.
Henry L. Bayles for respondent.
Chief Judge BREITEL and Judges JASEN, GABRIELLI, FUCHSBERG and COOKE concur in memorandum; Judges JONES and WACHTLER dissent and vote to reverse in a separate memorandum.
*504 MEMORANDUM.
The Appellate Division was eminently correct in denying the motion to dismiss the complaint. On the demand for arbitration and the ensuing award, together with the intermediate correspondence, it is entirely unclear whether the arbitrators determined the merits of the plaintiff buyer's claim for breach of warranty. True, by letter sent before the hearing, the arbitrators "unanimously ruled not to admit [buyer's] counterclaim as a part of this arbitration proceeding". Despite this "exclusion", however, testimony supporting the counterclaim seems to have been offered at the arbitration hearing.
In such circumstances, the Appellate Division justly exercised its discretion in allowing defendant seller to plead the defense of res judicata. Under that defense, seller will be allowed to show, if it can, that the arbitrators' award did determine the merits of the warranty claim.
It is settled law that the doctrine of res judicata is applicable to issues resolved by earlier arbitration (see, e.g., 23 Carmody-Wait, 2d, NY Practice, Arbitration, § 141:151, p 80, and cases cited). Where, however, an issue not passed upon by the arbitrators is the subject of a later action, obviously the award is not a bar to that action (p 85, and cases cited; cf. Matter of Spring Cotton Mills [Buster Boy Suit Co.], 275 App Div 196, 199-200, affd 300 N.Y. 586; Matter of Weinberger [Friedman], 41 AD2d 620). The scope of the award and, therefore, its res judicata effect, is an issue properly determinable by the court and not the arbitrators (see Matter of Spring Cotton Mills [Buster Boy Suit Co.], supra; Matter of Weinberger [Friedman], supra; 23 Carmody-Wait, 2d, op. cit., 1975 Supp, at p 9).
Either a judgment or an award in arbitration may be explored through parol evidence to discover its scope and therefore its res judicata effect (see Ripley v Storer, 309 N.Y. 506, 518-519 [judgments]; Aetna Cas. & Sur. Co. v American Sur. Co. of N. Y., 64 F.2d 577, 581, and cases cited; 6 CJS, Arbitration, § 176, p 449, n 31; cf. Butler v The Mayor, 7 Hill 329, 330-331, 334 [arbitration awards]). As was said in the Aetna case (supra, at p 581), a case involving the scope of the res judicata effect to be given to an arbitration award: "when the record leaves the matter in doubt, parol evidence not inconsistent with the award may be introduced to show what was litigated before the arbitrator and what was determined by his decision."
*505 Thus, the Appellate Division, in the exercise of its discretion, permitted seller to interpose an affirmative defense of res judicata, and, in light of the ambiguous record, properly denied buyer's motion to dismiss the complaint. The exercise of discretion in allowing the pleading of the affirmative defense should not be disturbed. The Appellate Division holding as a matter of law may not be overturned upon a ground which leaves to the arbitrators unbridled bootstrap authority to determine the scope of its own award, contrary to settled principles of law.
The order of the Appellate Division should be affirmed, with costs, and the question certified should be answered in the affirmative.
JONES and WACHTLER, JJ. (dissenting).
The order of the Appellate Division should be reversed and the complaint dismissed.
The parties entered into a contract for the sale of yarn which provided that all disputes arising from that transaction would be submitted to arbitration. The yarn was delivered and when the purchaser failed to pay for the yarn the seller instituted an arbitration proceeding to recover the purchase price of $64,000. In addition to referring to the sales contract, and describing delivery of the yarn, billing by the seller and nonpayment by the purchaser, the demand for arbitration specifically referred to the belated contention of the purchaser that the yarn delivered had proved to be defective. Some time later the purchaser sought to have included in the arbitration proceeding a counterclaim of $170,500 based on allegations that the yarn was defective. After "careful consideration" the arbitrators declined to hear the counterclaim, and following hearings granted the seller an award of $64,000 for the purchase price. The purchaser then brought the present warranty action for damages for alleged defects in the yarn. The Appellate Division affirmed the Supreme Court's denial of the seller's motion to dismiss the complaint.
In our analysis, the purchaser's claim that the yarn was defective could have been made the basis of a defense, or a counterclaim, or both. In either event the underlying factual issue would be the same  was the yarn defective?
We can find no basis in the record before us that in refusing to consider the counterclaim advanced by the purchaser in an amount nearly three times the purchase price, the arbitrators *506 thereby excluded for all purposes the issue of claimed defectiveness which had been identified in the original demand for arbitration. This issue was necessarily passed on by the arbitrators in determining the merits of the seller's claim. To prevail, it was incumbent on the seller to establish that the goods complied with the contract, that is, not defective. Thus, the question of whether or not the yarn was defective must be deemed to have been before the arbitrators, at least as a defense. Nor may the purchaser avoid this conclusion by asserting that it was not pressed; the determinative factor is that it could have been asserted. The issue having been resolved or deemed to be resolved against the purchaser, the latter is bound for all purposes by the adverse arbitration award and may not be permitted now to raise the same issue in a subsequent judicial action.
It must be emphasized that the entire dispute between the parties under the sales contract was submitted to the arbitrators by the seller's demand. If any error was committed by the arbitrators in failing either to entertain the counterclaim, or to consider for any purpose at all the purchaser's claim that the yarn was defective, or to find that the yarn was in fact defective, that error would be beyond the reach of judicial review or intervention. (Matter of Weinrott [Carp], 32 N.Y.2d 190, 194; Matter of Aimcee Wholesale Corp. [Tomar Prods.], 21 N.Y.2d 621, 626.) Having chosen the arbitration forum for the resolution of their disputes, the parties are now bound by the resulting award.
Order affirmed, etc.