OPINION OF THE COURT
Theodore S. Kasler, J.
This is a motion: (1) to reverse the decision after a fair hearing made on October 6, 1976 by respondent Toia affirming the determination of respondent Hackett not to issue a full standard monthly allowance to the three persons in the public assistance grant; (2) requiring respondent Hackett to recompute the public assistance grant for petitioner, her husband and their child so that they receive a full standard monthly allowance of $200 in addition to shelter and fuel; (3) requiring respondent Hackett to issue forthwith a grant to petitioner for any underpayments of public assistance occasioned by the above recomputation; (4) requiring respondent Toia to super *576 vise the compliance of respondent Hackett with the judgment herein.
On May 6, 1976 petitioner applied for public assistance for herself, her husband and their child. The agency accepted the application and computed the basic monthly allowance for the three persons as $179.13 instead of the standard $200 for three persons.
Petitioner is the mother of four children by a previous marriage. These four children live with her and receive Social Security benefits. Although petitioner is the grantee of these benefits, the benefits must be applied for the sole use and benefit of the four children. These four children did not apply for public assistance, do not receive any public assistance, and are wholly supported by the Social Security benefits.
On July 2, 1976 petitioner’s representative requested a fair hearing to review the agency’s failure to issue the correct standard monthly allowance and other issues.
A fair hearing was held on July 27, 1976 in Olean, New York.
The fair hearing decision of respondent Toia affirmed the agency determination regarding the amount of the standard monthly allowance, but did not affirm the agency on the other issues raised at the hearing. The decision stated that since the four children not receiving public assistance "are eligible for Aid to Dependent Children except by reason of income, the agency has correctly determined to compute the family needs as a unit and to provide assistance for those members of the family who are in need by prorating the needs with the other members of the family.”
The four children by a previous marriage are not responsible for the support of their mother, stepfather or half brother. Petitioner would be committing a crime if she spent the Social Security benefits for purpose other than their own use and benefit. (US Code, tit 42, § 408, subd [e].)
It is the contention of the petitioner that the regulations of the New York State Department of Social Services require that for the purposes of determining the standard monthly allowance, persons "residing with self-maintaining nonlegally responsible relatives or friends, shall be considered as a separate household.” (18 NYCRR 352.2 [b].) In this case the three persons receiving public assistance must therefore be counted *577 as a separate household from the four persons receiving Social Security benefits, as the latter are not legally responsible for the former. The standard monthly allowance for a three person household is $200, not $179.13. (18 NYCRR 352.2 [e].)
It is the contention of the respondents that the prorated family allowance for persons in a family of seven correctly applies to the petitioner’s family budgeting. That budgeting procedure gives recognition to the actual fact that certain family expenses are shared by all persons living together in the unit, that is, electric, utility and transportation costs, appliance purchases, etc. Further, that petitioner’s children by her prior marriage are considered eligible for Aid to Dependent Children pursuant to 18 NYCRR 369.2.
Section 352.2 entitled "Allowances and grants for persons who constitute or are members of a family household” at subdivision (b) states as follows: "For the purpose of such monthly grants and allowances a child or children or adults residing with self-maintaining nonlegally responsible relatives or friends, shall be considered as a separate household.”
This court concludes that the interpretation given to 18 NYCRR 352.2 (b) by the commissioner appears to be the reverse of the legislative intent unless it could be construed that the children are legally responsible relatives of their parents. The court finds that the Social Security income to the four children renders them "self-maintaining, nonlegally responsible relatives or friends” of the petitioner and hence, are a separate household so that the grant to the petitioner should not be prorated therewith.
Therefore, the decision of the respondent Toia made on October 6, 1976 affirming the determination of respondent Hackett not to issue a full standard monthly allowance to the three persons in the public assistance grant is hereby reversed.
This court further orders the respondent Hackett to recompute the public assistance grant for the petitioner, her husband and their child so they receive a full standard monthly allowance of $200 in addition to shelter and fuel; further, this court orders the respondent Hackett to issue forthwith a grant to petitioner for any underpayments of public assistance occasioned by the above recomputation.