TINA YOUNG, by Her Mother RUTH YOUNG, et al., Individually and on Behalf of All Others Similarly Situated, Appellants, v PHILIP L. TOIA, Individually and as Commissioner of the New York State Department of Social Services, Respondent.

Fourth Department, January 25, 1979

## APPEARANCES OF COUNSEL

*K. Wade Eaton* for appellants.

*Louis J. Lefkowitz, Attorney-General (Peter J. Todoro, Alan W. Rubenstein* and *Michael G. Wolfgang* of counsel), for respondent.

## OPINION OF THE COURT

WITMER, J.

The single issue presented on this appeal is whether the

court erred in denying as a matter of law plaintiffs' application for counsel fees.

Plaintiffs brought suit under section 1983 of title 42 of the United States Code for judgment declaring that section 8 of chapter 77 of the Laws of 1977 is invalid as violative of the minimum wage provisions of section 17 of article I of the New York State Constitution because it requires employable home relief recipients to work an average of three full working days per week regardless of the monthly benefits which they receive, and as violative of the equal protection and due process clauses of sections 6 and 11 of article I of the State Constitution and of the Fourteenth Amendment of the United States Constitution. In addition, plaintiffs sought class action certification and equitable restitution, and also requested counsel fees under section 1988 of title 42 of the United States Code.

After defendant answered, plaintiffs moved for summary judgment and asked the court to retain jurisdiction for enforcement of the judgment and for an assessment of costs and counsel fees. Special Term granted the motion to the extent of declaring section 8 of chapter 77 of the Laws of 1977 unconstitutional, but denied all other relief.

Because plaintiffs had been successful in an important aspect of their action, that is, the declaration that section 8 was unconstitutional, they assert on this appeal that the court erred in denying their application for judgment requiring defendant to pay their attorney's fees in the action. Although the judgment does not specify whether attorney's fees were denied as a matter of law or in the exercise of discretion, the memorandum which the court wrote in rendering its decision makes it clear that the application was denied as a matter of law, to wit, that section 1988 of title 42 of the United States Code does not apply in this State proceeding. We reach the contrary conclusion.

In considering this issue we start with the proposition that in general in the United States the successful party in an action cannot require the loser to pay his attorney's fees *(Alyeska Pipeline Co. v Wilderness Soc.,* 421 US 240; *City of Buffalo v Clement Co.,* 28 NY2d 241, 262-263). It appears that the *Alyeska* decision *(supra)* triggered Congress to enact the Civil Rights Attorney's Fees Awards Act of 1976 which amended section 1988 of title 42 of the United States Code to add the following language: "In any action or proceeding to enforce a provision of sections * * * 1983 * * * the court, in

its discretion, may allow the prevailing party * * * a reasonable attorney's fee as part of the costs." Section 1983 of title 42, referred to in the above quotation, provides as follows: "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."

Prior to the 1976 amendment of section 1988 it was held that State courts have concurrent jurisdiction with the Federal courts with respect to actions under section 1983 of title 42 of the United States Code (Clark v Bond Stores, 41 AD2d 620; see Cooper v Morin, 50 AD2d 32, 35-37; Young v Board of Educ., 416 F Supp 1139). At the time of the consideration of the enactment of the Civil Rights Attorney's Fees Awards Act of 1976 Congressman Drinan, in remarks entered in the Congressional Record on October 1, 1976, said, "(T)his bill would authorize State and Federal courts to award counsel fees in actions brought under specified sections of the United State Code relating to civil and constitutional rights" (122 Cong Rec, No. 151-Pt II, H 12158, at p 12159). In a case declaring the rights of prison inmates, the United States Supreme Court has held that it is proper under section 1988 as amended to order a State or local government agency to pay the attorney's fees of a successful plaintiff who found it necessary to bring suit to enforce his rights against such unit of government (Hutto v Finney, 437 US 678).

Thus it is apparent that as a matter of policy, to facilitate the enforcement of the rights of citizens under section 1983 of title 42 of the United States Code, Congress has directed that the counsel fees incurred in such enforcement may be recovered from the defendant. In other words, the purpose of the 1976 amendment of section 1988 was to encourage the private citizen to take action, as a "private attorney general", to enforce civil rights laws (see Civil Rights Attorney's Fees Awards Act of 1976, US Code Cong & Admin News, 1976, vol 5, pp 5908, 5909-5910) and the law should be construed to effectuate its purpose (see Kokoszka v Belford, 417 US 642, 650).

It is not significant, with respect to the issue of attorney's fees, that in this case Special Term based its decision on a

finding that a State law was violated, instead of basing the decision on a violation of the Federal statute (US Code, tit 42, § 1983), which grants substantially the same rights (see *Seals v Quarterly County Ct. of Madison County,* 562 F2d 390, 393-394). It follows, therefore, that Special Term erred in holding that section 1988 of title 42 of the United States Code was not applicable in this State proceeding.

The matter of the award of counsel fees under the amendment, however, lies within the sound discretion of the court *(Cooper v Lombard,* 64 AD2d 130, 139). Since Special Term ruled as a matter of law that section 1988 does not apply, it did not exercise its discretion as provided therein. The judgment should, therefore, be modified to reverse that paragraph which denied counsel fees on the ground that section 1988 of title 42 of the United States Code does not apply, and the matter should be remitted to Special Term to exercise its discretion with respect to the application for counsel fees (see *Matter of Ashley v Curtis,* 67 AD2d 828).

CARDAMONE, J. P., SIMONS, DILLON and SCHNEPP, JJ., concur.

Judgment unanimously modified, on the law, and, as modified, affirmed, with costs to petitioners, and matter remitted to Supreme Court, Orleans County, for further proceedings in accordance with opinion by WITMER, J.