◼ In the Matter of JUDY McNEIL, Respondent-Appellant, v CARMEN SHANG, as Acting Commissioner of the New York State Department of Social Services, et al., Appellants-Respondents.—Judgment unanimously modified and, as modified, affirmed, with costs to petitioner, in accordance with the following memorandum: Special Term correctly determined that petitioner was entitled to full AFDC assistance for a family of six persons, without prorating, although a seventh member of the family, an infant, was the recipient of Social Security benefits *(Matter of Nelson v Toia,* 92 Misc 2d 575, affd 60 AD2d 796; and see *Matter of Snowberger v Toia,* 60 AD2d 783, affd 46 NY2d 803). It erred, however, in its direction to respondents only to pay petitioner the assistance erroneously denied her from March 11, 1977, the date appropriate demand was made upon respondents to cease prorating benefits. Inasmuch as the underpayment was "discovered" on that March date (see 18 NYCRR 352.31 [e] [1]) and petitioner had been underpaid since 1973, she was entitled to recoup the assistance denied her during the full 12-month period before March 11, 1977 as the regulation permits. Petitioner also appeals from the denial of her application for counsel fees. The judgment appealed preceded our decisions in *Young v Toia* (66 AD2d 377) and *Matter of Ashley v Curtis* (67 AD2d 828). Accordingly, we remit the matter so that the court may entertain the application and exercise its discretion. We attribute no significance to the fact that relief here was premised upon the interpretation of a State regulation. Since similar relief, including possible counsel fees, was available to petitioner if she had proceeded in Federal court for a violation of the corresponding Federal regulation (see US Code, tit 42, § 1983; 45 CFR 233.90 [a]), petitioner is entitled to counsel fees in State court in this proceeding if Special Term determines that counsel fees are warranted. (See, generally, 52 St John's L Rev 562.) (Appeals from judgment of Cattaraugus Supreme Court—art 78.) Present—Simons, J. P., Hancock, Jr., Callahan, Witmer and Moule, JJ.

◼ FRANCES P. NEUSER, Respondent v JOHN T. NEUSER, Appellant.—Appeal unanimously dismissed, without costs, without prejudice to a motion by respondent-appellant to restore. Memorandum: It appears that the Onondaga County Department of Social Services is a necessary party to the appeal inasmuch as it is the assignee of all rights of petitioner-respondent under the support order of April 2, 1975. Although the attorney for the Department of Social Services was named in the notice of appeal, the appeal was never perfected against the department in accordance with CPLR 5525 and 5530. The appeal, therefore, must be dismissed. Respondent-appellant may, however, if so advised, apply pursuant to 22 NYCRR 1000.2 for restoration of the appeal upon a showing of good cause. (Appeal from order of Onondaga County Family Court—contempt.) Present—Simons, J. P., Hancock, Jr., Callahan, Witmer and Moule, JJ.