In the Matter of ELBERT FAIRLY, on Behalf of His Minor Child ALKEESHA and All Others Similarly Situated, Appellants, v JOHN FAHEY, as Commissioner of the Albany County Department of Social Services, et al., Respondents.

Third Department, June 19, 1980

APPEARANCES OF COUNSEL

*Michael J. Moore* for appellants.

*Robert Lyman, County Attorney (Philip R. Murray* and *Stanley G. Walker, Jr.,* of counsel), for John Fahey, respondent.

*Robert Abrams, Attorney-General (Clifford A. Royael, Shirley Adelson Siegel and Alan W. Rubenstein* of counsel), for Barbara Blum, respondent.

## OPINION OF THE COURT

CASEY, J.

The infant petitioner is the recipient of Aid to Families with Dependent Children (ADC) (US Code, tit 42, § 601 *et seq.*). Her father, who petitions herein on her behalf, is a member of her household and a recipient of Supplemental Security Income (SSI) (US Code, tit 42, § 1381 *et seq.*). Respondent Albany County Department of Social Services (Albany County) recomputed and reduced the ADC shelter allowance by considering and prorating the SSI benefits received by the infant's father. After a fair hearing, that determination was upheld by the respondent Commissioner of the New York State Department of Social Services (commissioner).

The petitioners instituted an article 78 proceeding on behalf of the infant and all others similarly situated, wherein they sought a judgment setting aside the determination reducing the ADC allowance, directing Albany County to pay the benefits illegally withheld and awarding counsel fees. The petitioners also moved for an order allowing the proceeding to be maintained as a class action pursuant to CPLR 902 upon the ground that the respondents failed to apply the principle of *stare decisis*. The proceeding and motion were joined by Special Term. Special Term set aside the determination reducing the ADC benefit by prorating the SSI allowance of the infant's father, and refused to certify the proceeding as a class action and refused to award counsel fees because of a lack of statutory authority. The petitioners contend that Special Term erred with respect to denying class action certification and counsel fees.

■ Class action relief is not necessary where governmental operations are involved, and where subsequent persons will be adequately protected under the principle of *stare decisis (Matter of Martin v Lavine,* 39 NY2d 72, 75; *Matter of Leone v Blum,* 73 AD2d 252, 274). The petitioners contend that the respondents have by their conduct demonstrated that they will not abide by the principle of *stare decisis* and, therefore, a class action is appropriate. The record presented, however, fails to establish that the respondents callously refused to apply the principle of *stare decisis.* There is no reason presented herein to warrant deviating from the general rule. Consequently, class action certification was properly denied.

The denial of attorney's fees by Special Term upon the ground that there was no statutory authority presents a more difficult issue. In the article 78 proceeding, the petitioners contend that the reduction of ADC benefit by prorating the SSI benefit of the infant's father violated title 42 (§ 602, subd [a], par [24]) of the United States Code (Social Security Act). Special Term correctly held that it did so *(Matter of Leone v Blum, supra; Matter of Reeves v Fahey,* 65 AD2d 633, mot for lv to app den 47 NY2d 706), and that determination is not before this court on appeal. Thus, in the State court the petitioners established that the actions of the respondents denied them a benefit secured by the Federal Social Security Act.

This being so, the petitioners contend that they were entitled to counsel fees under section 1988 of title 42 of the United States Code, which provides in pertinent part: "In any action or proceeding to enforce a provision of sections * * * 1983 * * * the court, in its discretion, may allow the prevailing party * * * a reasonable attorney's fee as part of the costs." Section 1983, referred to in section 1988, does not create or secure any substantive rights; it merely authorizes a cause of action when rights secured by another source are denied *(Chapman v Houston Welfare Rights Organization,* 441 US 600, 617-618;* *Gonzalez v Young,* 560 F2d 160, 168).

---

* In *Chapman* the Supreme Court of the United States considered whether a United States District Court had jurisdiction, under section 1343 of title 28 of the United States Code, over a claim that a State welfare regulation was invalid because it conflicted with the Federal Social Security Act. Subdivision (3) of section 1343 provides, in essence, that a district court has original jurisdiction "[t]o redress the deprivation, under color of any State law * * * of any right * * * secured by the Constitution of the United States or by any Act of Congress providing for *equal rights* of citizens (emphasis added). The majority held that the Social Security Act was not

*(n. contd.)*

Section 1983 provides in part: "Every person who, under color of any statute, ordinance or regulation, custom or usage, of any State or Territory * * * subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."

██ ██ State courts have concurrent jurisdiction with the Federal courts with respect to actions involving section 1983 of title 42 of the United States Code (*Young v Toia,* 66 AD2d 377, app dsmd 46 NY2d 1076; *Clark v Bond Stores,* 41 AD2d 620). Although a successful party in a lawsuit generally cannot require the loser to pay his counsel fees (*City of Buffalo v Clement Co.,* 28 NY2d 241, 262-263), counsel fees may be recovered under section 1988 as part of the costs in State court proceedings to enforce a provision of section 1983 (*Young v Toia, supra; Matter of Bess v Toia,* 66 AD2d 844). Furthermore, the fact that a party's attorneys are organizational, rather than private attorneys, does not make an award of counsel fees under section 1988 any less appropriate (e.g., *Kulkarni v Nyquist,* 446 F Supp 1274; Ann. 43 ALR Fed 243, § 8 [b] [c], pp 266-268).

The question presented, therefore, is whether section 1983 is an appropriate vehicle for redress of violations of rights contained in the Federal Social Security Laws.

Facially, it seems that a violation of the Federal Social Security Act would deprive a person of a right secured by a "law" within the meaning of section 1983. That position is not without support (e.g., *Matter of McNeil v Shang,* 69 AD2d 985; *Chapman v Houston Welfare Rights Organization, supra,* pp 646-672 [WHITE, J., concurring], 672-676 [STEWART, J., dissenting]). On the other hand, there is authority for the proposition that section 1983 should be interpreted as encompassing only rights secured by the Constitution and laws providing for equal rights (e.g., *Chapman v Houston Welfare Rights Organization, supra,* pp 623-646 [POWELL, J., concurring]).

---

an act providing for equal rights within the meaning of that section and, therefore, the United States District Court did not have jurisdiction. The two concurring opinions and the dissenting opinion, however, considered whether such a claim fell within section 1983 of title 42 of the United States Code. Since that issue has not been definitively decided by the Supreme Court, an analysis of those opinions is essential to the resolution of the instant matter.

■ Since it is clear that the Federal Social Security Act is not a law providing "equal rights" (see *Chapman v Houston Welfare Rights Organization, supra,* pp 620-623), the resolution of the issue herein depends upon whether this court adopts the broad or the restrictive interpretation of section 1983. In our view, section 1983 is limited to rights secured by the Constitution and laws providing for equal rights. It should be noted in this regard, such holding does not deprive the petitioners of their right to be heard on the merits of their action through the appropriate State remedies. Indeed, the instant case was brought pursuant to CPLR article 78.

In view of our holding herein that the petitioners' claim did not fall within section 1983 of title 42 of the United States Code, their request for counsel fees was properly denied.

The judgment should be affirmed, without costs.

HERLIHY, J. (concurring). It appears to us that the grant of attorney's fees for a legal aid society supported by public funds would be an abuse of discretion. The obvious thrust of section 1988 of title 42 of the United States Code is to provide an incentive for attorneys to aid citizens in securing their rights and privileges and to secure a full measure of the infringed right to the citizen. While there may be precedent for awarding attorney's fees to "organizational" entities, we would not deem such an award appropriate in this proceeding.

KANE, J. P., STALEY, JR., and MIKOLL, JJ., concur with CASEY, J.; HERLIHY, J., concurs in a separate opinion in which KANE, J. P., STALEY, JR., and MIKOLL, JJ., concur.

Judgment affirmed, without costs.