In the Matter of MARIE DE ROSA, by Her Proposed Guardian Ad Litem, IRA S. SCHNEIDER, Appellant, v JAMES E. KIRBY, as Commissioner of the Suffolk County Department of Social Services, et al., Respondents.

Second Department, June 21, 1982

APPEARANCES OF COUNSEL

*Robert & Schneider* (*Ira S. Schneider* of counsel; *Steven Godeski* with him on the brief), for appellant.

*Robert Abrams, Attorney-General* (*Shirley Bedor Ortego* and *Maryellen Weinberg* of counsel), for Barbara Blum, as Commissioner of the New York State Department of Social Services, respondent.

OPINION OF THE COURT

GULOTTA, J. P.

Petitioner is an 82-year-old woman presently residing at the Patchogue Nursing Center. She has been confined to that home for several years and is presently regarded as "disabled and totally senile". She is incapable of understanding any form of communication.

Petitioner is a recipient of Medicaid from the Suffolk County Department of Social Services (the local agency) and, in addition thereto, receives Social Security benefits in the amount of $143.50 per month and veterans' benefits in the amount of $348.58 per month. Pursuant to 18 NYCRR 360.5 (e), all of the said income, less a personal expense allowance of $28.50 per month, is used on the petitioner's behalf to meet the cost of her medical assistance at the nursing home. The balance of the nursing home bill is covered by Medicaid.

On November 1, 1979, the petitioner received a lump-sum check in the amount of $3,242.70 from the Veterans' Administration (VA), representing a retroactive increase in benefits. On December 28, 1979, the local agency notified petitioner that the entire proceeds of the check would have to be turned over to it, and shortly thereafter a fair hearing was requested.

At the hearing, it was argued on the petitioner's behalf that the VA lump-sum payment should be considered as income in and for November, 1979, the month in which it was received, and that the balance remaining after the payment of the November medical bills should be considered as an exempt resource. Accordingly, it was argued that since the private patient rate at the nursing home was $1,975 a month and the net monthly income of the petitioner was $463.58 (the total income from Social Security and VA benefits, less the $28.50 personal allowance), the shortfall of $1,511.42 for November, 1979 should be paid out of the lump-sum benefit check. The balance of $1,731.28 from that check remaining after the payment of the November bill would then become a resource in December, and since section 366 of the Social Services Law, as it then read, provided for a resource exemption of $2,150 (which, on July 1, 1980, was increased to $2,350), the

petitioner would again be eligible for medical assistance in December, 1979 without having to turn over the balance of $1,731.28.

On April 2, 1980, the State commissioner rendered a decision after the fair hearing which affirmed the local agency's determination, and held that the VA check constituting retroactive income must "be considered as income for the months which it was intended to cover, so long as [petitioner] was in fact receiving medical assistance during that period." Otherwise stated, since the petitioner had been receiving medical assistance prior to the receipt of the retroactive VA check, the commissioner determined that the local agency should be reimbursed for the amount which it had theretofore expended for medical bills on the petitioner's behalf. The decision further held that the petitioner must either turn the check over to the local agency or else the local agency would apply it as income prospectively.

◼ Thereafter, on May 8, 1980, the local agency's medical assistance administrator wrote to the nursing home stating that its payments for Marie De Rosa had been "deleted", and that it was expected that the nursing home would secure its payment for the April services directly from the client. This, of course, was based upon the prior determination that the retroactive VA benefits were available to cover these costs. We disagree.

◼ As a preliminary procedural matter, we note that in view of the uncontested evidence of petitioner's senility and the documentation presented by petitioner's attorney, it was error for Special Term to deny the appointment of Ira S. Schneider as guardian ad litem (see CPLR 1202).

◼ Turning to the merits, it is well established that "[t]he interpretation placed on a statute by the agency charged with its administration if not irrational or unreasonable will be upheld" (*Matter of Union Free School Dist. No. 2 of Town of Cheektowaga v Nyquist*, 38 NY2d 137, 142). In the case at bar, however, we find the State commissioner's interpretation to be unreasonable, and her determination unsupported by substantial evidence in the record.

Officials administering the medical assistance program are required by statute to "take into account only such income and resources, in accordance with federal requirements, as are available to the applicant or recipient and as would not be required to be disregarded or set aside for future needs, and there shall be a reasonable evaluation of any such income or resources" (Social Services Law, § 366, subd 2, par [b]). In this regard, 18 NYCRR 360.4 (a) provides: "All income and resources actually or potentially available to the applicant or recipient, as determined by a review of the application for medical assistance, State-prescribed form, and as revealed in the personal interview, shall be evaluated and a decision reached as to their availability. *Only such income and/or resources as are determined to be available to the applicant, shall be considered in determining his/her eligibility for medical assistance.* However, the applicant shall be required as a condition of eligibility to pursue any potential income or resources not currently available. *As soon as such income and/or resources become available, the applicant's eligibility shall be reevaluated.* Such available income and resources include but are not limited to the respective income and resources set forth on such form" (emphasis supplied). Additionally, and dealing specifically with the issue of lump-sum payments, the State Department of Social Services Medical Assistance Eligibility Desk Reference Guide states: "Income is a recurring payment which is *received* by an A/R and is considered as income in the month in which it is received * * * One time payments which result from deferred or delayed payments such as lump sum benefit awards, bonuses, year-end profit sharing amounts, retroactive pay increases, etc. are *considered as income in the month received and as a resource thereafter*" (emphasis supplied).

Notably, the treatment given to lump-sum payments by the State is similar to the guidelines set forth in the Medical Assistance Manual promulgated by the Federal Department of Health and Human Services (HHS). Thus, section 4-20-10 (subd E, par 3) of the Federal Medical Assistance Manual states: "Unless specifically exempted by law, amounts received on a one-time basis must be

counted in determining financial eligibility. *Deferred or delayed payments* which are accumulated and paid to an individual in lump sum (such as initial OASDI or veteran's benefits or income tax refunds) are considered in the same manner as other income received in that month. *For subsequent months whatever remains of the lump sum payment is measured against the resource standard.* 'Windfall' receipts (such as gifts, inheritances, lottery winnings, or damage claims settlements) *are considered either as income in the month received and as a resource thereafter* or, at the option of the state AFDC agency, as a resource only" (emphasis supplied). Accordingly, under the regulations and guidelines promulgated by both the Federal HHS and the State Department of Social Services, we conclude that the petitioner is correct in asserting that the check representing retroactive sums should be considered as income only in the month in which it is received and as a resource thereafter.

Respondents have argued that the petitioner should not be rewarded for the delay in exercising her right to increased VA benefits by treating the retroactive check as income only in the month in which it was received. At the hearing, however, the local agency failed to demonstrate by substantial evidence that the retroactive check resulted from any design or delay on the part of petitioner. It is not contested that petitioner is totally senile, and thus played no part whatsoever in any conceivable delay. Under such circumstances, if the payment of retroactive benefits was in any way dependent upon the receipt by the VA of an application by petitioner, it would appear that the respondents had a duty to assist the petitioner in pursuing these benefits (see Social Services Law, § 473).

We therefore find the State commissioner's determination to be arbitrary and capricious. Accordingly, the petitioner should not be required to turn over the balance of $1,731.28, and her medical assistance payments should be reinstated accordingly.

In view of our decision, it is not necessary to reach the constitutional issues posed by petitioner regarding whether the determination of the State commissioner violated her rights to due process and equal protection of the laws.

As for the request that an attorney's fee be awarded pursuant to section 1988 of title 42 of the United States Code, we note that although the case at bar may be of the type for which an award of a counsel fee is authorized, there has been no showing by the petitioner as to whether she was represented on a fee basis, and, if so, the amount of the fee and the expenditure of time upon which it was based. Thus, this court has not been presented with a reason for exercising its discretion to award petitioner a counsel fee under section 1988 (see *Matter of Brennin v Kirby,* 79 AD2d 396).

The judgment should therefore be reversed, without costs or disbursements, and the petition granted to the extent of annulling the determination, appointing Ira S. Schneider guardian ad litem for the petitioner, and remitting the matter to the respondents for further proceedings consistent herewith.

O'CONNOR, THOMPSON and BROWN, JJ., concur.

In a proceeding pursuant to CPLR article 78, *inter alia,* to review a determination of the respondent State Commissioner of Social Services which, *inter alia,* determined that a retroactive check must be considered income for the months it was intended to cover, the appeal is from a judgment of the Supreme Court, Suffolk County, entered June 29, 1981, which, *inter alia,* dismissed the petition.

Judgment reversed, on the law, without costs or disbursements, and petition granted to the extent that the determination is annulled, Ira S. Schneider is appointed guardian ad litem for petitioner, and the matter is remitted to respondents for further proceedings consistent herewith.