■ In the Matter of LILLIE GRIGGS, Respondent-Appellant, v STANLEY BREZENOFF, as Commissioner of the New York City Department of Social Services, Respondent, and BARBARA BLUM, as Commissioner of the New York State Department of Social Services, Appellant-Respondent. — In a proceeding pursuant to CPLR article 78 to review a determination of the State Commissioner of Social Services which, without a hearing, decertified petitioner as a foster parent, and to compel the State commissioner to restore petitioner to her status as a foster parent, the State commissioner appeals (by permission) from stated portions of an order of the Supreme Court, Queens County (Rubin, J.), dated July 10, 1981, which, *inter alia,* vacated her determination decertifying petitioner as a foster parent and remanded the proceeding to the New York State Department of Social Services for a fair hearing, and petitioner cross-appeals (by permission) from so much of the same order as denied, as premature, her motion to amend her petition to include a cause of action under section 1983 of title 42 of the United States Code and a request for an attorney's fee. Order modified, on the law, by deleting from the fourth decretal paragraph everything following the word "denied". As so modified, order affirmed, without costs or disbursements. Under the particular circumstances of the instant case, Special Term's order directing an administrative fair hearing was appropriate. While we disagree with Special Term that petitioner's motion to add a cause of action under section 1983 of title 42 of the United States Code and a request for an attorney's fee pursuant to section 1988 thereof was "premature", we are of the view that the discretionary award of a counsel fee is not warranted herein. (See *Matter of De Rosa v Kirby,* 87 AD2d 342; *Matter of Brennin v Kirby,* 79 AD2d 396, mot for lv to app dsmd 54 NY2d 830.) Damiani, J. P., O'Connor, Thompson and Brown, JJ., concur.