In the Matter of MARIE HAUSSMAN, by Her Proposed Guardian ad Litem, IRA S. SCHNEIDER, Appellant, v JAMES E. KIRBY, as Commissioner of the Suffolk County Department of Social Services, et al., Respondents.

Second Department, November 7, 1983

### APPEARANCES OF COUNSEL

*Robert & Schneider* (*Ira S. Schneider* of counsel), for appellant and *Ira S. Schneider,* appellant *pro se.*

*David J. Gilmartin, County Attorney* (*Joel L. Lefkowitz* of counsel), for James E. Kirby, as Commissioner of Suffolk County Department of Social Services, respondent.

*Robert Abrams, Attorney-General* (*Maryellen Weinberg* and *Donna Miller* of counsel), for Barbara B. Blum, as State Commissioner of Social Services, respondent.

### OPINION OF THE COURT

NIEHOFF, J.

The limited issue on this appeal is whether section 1988 of title 42 of the United States Code authorizes an award to the petitioner of a reasonable attorney's fee in this case.

The facts are not in dispute.

Marie Haussman, the petitioner, a 90-year-old patient at the Patchogue Nursing Center, is a recipient of Medicaid from the Suffolk County Department of Social Services. She was admitted to the nursing center on April 2, 1979, with a diagnosis of cerebral arteriosclerosis and osteoarthritis.

On March 10, 1980, petitioner received a lump-sum check of $2,026.98 from the Veterans' Administration for benefits due her retroactive to August, 1979. On April 9, 1980, the Department of Social Services notified petitioner that the entire proceeds of the check would have to be turned over to that agency. On July 3, 1980 the agency informed petitioner that the entire $2,026.98 would be counted as income for the month of June, 1980, which would render her ineligible for medical assistance in that month. Petitioner was further advised that for the month of July, 1980, she would again be eligible for all medical expenses above her net income of $572.55. Despite the agency's notice of July 3, 1980, it withheld all payment to the nursing home for the month of June, 1980, and only paid the nursing home $42.16 in July, 1980, to recoup the lump-sum payment of $2,026.98.

Petitioner requested a fair hearing where her counsel argued that the Veterans' Administration's lump-sum payment should be considered income in March, 1980, the month it was received, and that any of the Veterans' Administration benefits remaining after the medical bills had been paid for March, 1980, should be considered as an exempt resource. On its part, the agency asserted that the entire $2,026.98 should be considered retroactive income to be repaid to the agency.

On December 3, 1980 respondent Blum issued a decision affirming the local agency's determination. Thereafter, the instant proceeding pursuant to CPLR article 78 was instituted resulting in a judgment dated August 17, 1981 dismissing the petition.

Subsequently, on June 21, 1982, this court handed down its decision in *Matter of De Rosa v Kirby* (87 AD2d 342) which held that a lump-sum retroactive Veterans' Administration payment received by a recipient of medical assistance is considered income in and for the month in which it

was received, pursuant to Federal guidelines and State regulation (18 NYCRR 360.4 [a]), and the balance remaining after the payment of that month's medical bills is considered an exempt resource under section 366 of the Social Services Law. That was precisely what petitioner Haussman had contended all along.

It was obvious to the parties herein that the *De Rosa* decision was controlling in this case and called for the same outcome. Accordingly, the parties entered into a stipulation to the effect that the respondents would "consider the retroactive Veterans' Administration payment issued by check on March 10, 1980, in the amount of $2,026.98 to be income in the month of March, 1980, and the remainder of this retroactive benefit after medical expenses had been paid for the month of March, 1980, shall be considered as an exempt resource thereafter". The parties further agreed that respondent Kirby would "reinstate Petitioner's medical assistance payments in accordance with the decision of the Appellate Division: Second Department in the *Matter of DeRosa v. Kirby*".

Thus, petitioner finally emerged victorious in her controversy with respondents over the treatment of her retroactive check from the Veterans' Administration.

She now claims that, as a result, she is a "prevailing party" entitled to a reasonable attorney's fee under the provisions of section 1988 of title 42 of the United States Code.

Initially, we note that the fact that the petitioner was able to establish by means of a stipulation of settlement her claim that the agency had acted in violation of her rights after she had failed at Special Term in her proceeding pursuant to CPLR article 78 does not prevent her from being considered a prevailing party and does not abrogate her right to obtain an attorney's fee. In *Maher v Gagne* (448 US 122, 129), the United States Supreme Court wrote: "We also find no merit in petitioner's suggestion that respondent was not the 'prevailing party' within the meaning of § 1988. The fact that respondent prevailed through a settlement rather than through litigation does not weaken her claim to fees. Nothing in the language of § 1988 conditions the * * * power to award fees on full litigation of the

issues or on a judicial determination that the plaintiff's rights have been violated".

We turn, then, to the applicability of sections 1983 and 1988 of title 42 of the United States Code to petitioner's situation.

In relevant part, section 1983 provides: "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory * * * subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress".

Section 1988 of title 42 of the United States Code states, in pertinent part: "In any action or proceeding to enforce a provision of sections * * * 1983 * * * of this title * * * the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs".

It is abundantly clear that the foregoing provisions of the law are to receive a liberal construction. In *Young v Toia* (66 AD2d 377, 379) the Appellate Division, Fourth Department, wrote: "Thus it is apparent that as a matter of policy, to facilitate the enforcement of the rights of citizens under section 1983 of title 42 of the United States Code, Congress has directed that the counsel fees incurred in such enforcement may be recovered from the defendant. In other words, the purpose of the 1976 amendment of section 1988 was to encourage the private citizen to take action, as a 'private attorney general', to enforce civil rights laws (see Civil Rights Attorney's Fees Awards Act of 1976, US Code Cong & Admin News, 1976, vol 5, pp 5908, 5909-5910) and the law should be construed to effectuate its purpose (see *Kokoszka v Belford,* 417 US 642, 650)".

What is more, in *Maine v Thiboutot* (448 US 1) the Supreme Court of the United States construed the phrase "secured by the Constitution and laws" (US Code, tit 42, § 1983) broadly, to encompass claims based on purely statutory violations of Federal laws, without limitation to civil rights or equal protection violations. There, the court held

that an action under section 1983 could be based upon an alleged violation of the Federal Social Security Act and, further, that under section 1988 of title 42 of the United States Code, the award of counsel fees is available as part of the remedy in such an action whether the action is brought in Federal or State courts (see, also, *Matter of Fairly v Fahey,* 79 AD2d 35).

In *Young v Toia (supra,* pp 379-380) the Fourth Department also said: "It is not significant, with respect to the issue of attorney's fees, that in this case Special Term based its decision on a finding that a State law was violated, instead of basing the decision on a violation of the Federal statute (US Code, tit 42, § 1983), which grants substantially the same rights (see *Seals v Quarterly County Ct. of Madison County,* 562 F2d 390, 393-394)."

Furthermore, a prevailing party is not to be denied an attorney's fee if the claim comes within the ambit of section 1983 of title 42 of the United States Code merely because said party used a proceeding pursuant to CPLR article 78 as his or her vehicle for obtaining relief, since section 1983 specifically recites that said section applies to "an action at law, suit in equity, *or other proper proceeding for redress"* (emphasis supplied).

In *Matter of De Rosa v Kirby* (87 AD2d 342, *supra*), in a proceeding pursuant to CPLR article 78, akin to the one at bar and involving the very same legal issue, this court expressly stated that in insisting that the entire retroactive Veterans' Administration lump-sum payment was to be considered as income retroactively, the Department of Social Services had run afoul of guidelines set forth in the Medical Assistance Manual promulgated by the Federal Department of Health and Human Services as well as State regulations. That being so, it follows that petitioner's claim, which is identical to that of petitioner in *De Rosa (supra),* brings her under the umbrella of section 1983 of title 42 of the United States Code, as liberally construed in *Maine v Thiboutot (supra).*

Indeed, in writing for this court in *Matter of De Rosa v Kirby (supra,* p 347), Justice GULOTTA said: "As for the request that an attorney's fee be awarded pursuant to section 1988 of title 42 of the United States Code, we note

that * * * the case at bar may be of the type for which an award of a counsel fee is authorized".

Although this court indicated that the factual situation and legal claim in *De Rosa* (*supra*) were such that an award of a counsel fee was authorized pursuant to section 1988 of title 42 of the United States Code, a counsel fee was denied in that case on the authority of *Matter of Brennin v Kirby* (79 AD2d 396), because the petitioner in *De Rosa* (*supra*) had made no showing as to whether she was represented on a fee basis. *Matter of Brennin v Kirby* (*supra*), the cornerstone for the holding in *De Rosa* (*supra*) with respect to counsel fees involved a situation where the petitioner had been represented by an organization providing free legal services.

The rule announced in *Brennin* (*supra*) was overturned recently in *Matter of Johnson v Blum* (58 NY2d 454) where it was held that counsel for a prevailing party on a claim cognizable under section 1983 of title 42 of the United States Code is entitled to a reasonable attorney's fee in the absence of special circumstances, and the fact that counsel was a society providing free legal services does not constitute such special circumstances.

In the present case petitioner's attorney, a privately retained attorney, who took on the petitioner's case notwithstanding her lean financial circumstances, deposes in an affidavit before this court that he entered upon his engagement as her attorney in the expectation that he would receive a reasonable attorney's fee at a stated hourly rate in the event his client prevailed. It cannot be denied that through his efforts he has prompted the enforcement of the underlying statutes on her behalf. To deny him (and other private attorneys similarly situated) an attorney's fee simply because he has not collected a fee from the petitioner, who is surviving on a meager income, may strip persons of scant means of equality in the pursuit of their rights and may cause grave injustices to be perpetrated on them. Stated otherwise, to allow a litigant who has abundant resources to pay an attorney and thereafter to recover an attorney's fee if he or she prevails while withholding the same right from a person living on a marginal income may well result in depriving such person of access to the courts,

however meritorious his or her case may be. As previously noted, the Fourth Department said in *Young v Toia* (66 AD2d 377, 379, *supra*), "the purpose of the 1976 amendment of section 1988 was to encourage the private citizen to take action, as a 'private attorney general', to enforce civil rights laws". The petitioner, because of her attorney's labors, has been eminently successful as "a 'private attorney general'" in this case. Hence, there is, on the record before us, a valid basis for an award of counsel fees, provided that no special circumstances exist which would warrant a denial of the fee. The fact that counsel has served without a fee is not such a special circumstance (*Matter of Johnson v Blum*, 58 NY2d 454, *supra*). Whether any other circumstance exists which would qualify as a special circumstance requiring denial of a fee should be determined on remittitur to Special Term.

Accordingly, the matter is remitted to Special Term to afford respondents an opportunity to demonstrate whether any special circumstances exist which would preclude an award of attorney's fees, and, if not, to fix the amount of a "reasonable attorney's fee" to be awarded to counsel (see *Matter of Rahmey v Blum*, 95 AD2d 294).

MANGANO, J. P., GULOTTA and BRACKEN, JJ., concur.

Judgment of the Supreme Court, Suffolk County, dated August 17, 1981, reversed insofar as appealed from, on the law, with one bill of costs payable by the respondents to the appellant, and matter remitted to the Supreme Court, Suffolk County, for further proceedings consistent herewith.