■ ADAMS DRUG COMPANY, INC., Appellant, v FRANKLIN KNOBEL et al., Respondents.—Judgment, Supreme Court, New York County (Stuart C. Cohen, J.), entered on or about October 17, 1990, which found that defendants' termination of plaintiff's lease was proper, and dismissed plaintiff's third and fourth causes of action, unanimously affirmed, without costs.

The history of this matter is set forth in our opinion on a prior appeal (129 AD2d 401). On retrial, the court, pursuant to the stipulation of the parties, made its decision based on transcripts, documents, and other submissions of evidence adduced at the prior trial.

Plaintiff failed to meet its burden of proof that defendants' termination of plaintiff's tenancy was made in bad faith. The evidence adduced supported the view that defendant decided against rebuilding the premises because of its perceived inability to do so within 120 days, as provided by the lease, and its inability to finance the project. Plaintiff's reliance upon subsequent statements made by defendants before the Building Department is not dispositive of the issue of defendants' good faith. The distinct time frames with respect to these admittedly conflicting claims preclude application of the doctrine of estoppel, since defendants have not asserted any inconsistent positions with respect to the issue of good faith as of the time the notice of termination was served. *(See, Kimco of N. Y. v Devon,* 163 AD2d 573.)

The Court committed no error in considering the prior trial testimony of defendants, given the stipulation of the parties, and the fact that plaintiff relied upon portions of the testimony of these defendants but omitted other portions. *(Grattan v Metropolitan Life Ins. Co.,* 92 NY 274; 57 NY2d Jur 2d, Evidence and Witnesses, § 386.)

Lastly, plaintiff was properly precluded from resurrecting the claim that notice of termination was invalid because executed by an attorney, rather than the owner/landlord. *(Siegel v Kentucky Fried Chicken,* 67 NY2d 792.) Plaintiff abandoned this claim when it failed to raise the issue on

appeal to the Court of Appeals from a prior determination in this matter (64 NY2d 768, *revg* 102 AD2d 735; *Matter of Pessano,* 269 App Div 337, *affd* 296 NY 564). Concur—Sullivan, J. P., Rosenberger, Kupferman, Ross and Smith, JJ.