■ In the Matter of Lisa E. Cleary, as Guardian ad Litem for Max Sommer, Appellant, v Cesar A. Perales, as Social

Services Commissioner of the State of New York, et al., Respondents. [594 NYS2d 207] —Judgment, Supreme Court, New York County (Harold Baer, Jr., J.), entered September 9, 1991, which, *inter alia,* denied petitioner's application for attorney's fees, unanimously reversed, on the law, to the extent appealed from, and the matter is remanded for a calculation of attorney's fees, without costs.

In the underlying proceeding, petitioner, a 60-year-old mentally retarded man, who suffers from mixed disturbances in emotion and conduct, brought a CPLR article 78 proceeding challenging respondents' denial of Medicaid reimbursement for his transportation to and from a Federal sheltered workshop. Petitioner, who is unable to independently care for himself, and who had lived with his mother until she became too infirm to care for him, is a recipient of Social Security Disability and Medicaid benefits. The workshop for which he needed transportation five days per week, Federation and Employment Guidance Service, was deemed medically necessary by his doctors.

In annulling respondents' denial of Medicaid coverage for the transportation, the IAS Court ruled that it was "irrational, inhumane, and not in accordance with the legislative purpose of social services law". This ruling on the merits of petitioner's article 78 proceeding, with which we are in full agreement, is not challenged on appeal. Rather, the narrow issue before us is whether petitioner is entitled to attorney's fees for the prosecution of this action. We conclude that he is.

Pursuant to 42 USC § 1988, a prevailing party is entitled to reasonable attorney's fees in an action to redress a violation of Federal constitutional or statutory rights *(Maine v Thiboutot,* 448 US 1, 4; *Matter of Thomasel v Perales,* 78 NY2d 561, 567). In the case at bar, the medical necessity for the program to which petitioner was transported from his residence at the Brooklyn Developmental Center was undisputed. It was, as observed by the IAS Court, essential to "correct or cure a condition that causes acute suffering and interferes with [petitioner's] capacity for normal activity." As such, the denial of this benefit to petitioner was in violation of his rights pursuant to 42 USC § 1983, which encompasses violations of Federal statutes, including the Social Security Act *(Matter of Thomasel v Perales, supra,* at 568; *see, Matter of Martinez v Perales,* 77 NY2d 923, 925; *Matter of Haussman v Kirby,* 96 AD2d 244, 247).

Where, as here, petitioner's claim for relief is sought both

on Federal and State grounds, but granted solely on the State claim, attorney's fees may be granted if the court determines that "the Federal claim has substance sufficient to confer subject matter jurisdiction and * * * the Federal and non-Federal claims 'derive from a common nucleus of operative fact' " *(Matter of Johnson v Blum,* 58 NY2d 454, 458, n 2, quoting *United Mine Workers v Gibbs,* 383 US 715, 725). Our examination of this record leads us to conclude that petitioner's claim meets this two-pronged test. In assessing substantiality, the standard to be met is that the claim not be " 'wholly insubstantial' ", " 'obviously frivolous' ", or " ' "obviously without merit" ' " *(Hagans v Lavine,* 415 US 528, 537). This standard is fully satisfied by the circumstances presented.

Finally, we conclude that petitioner's entitlement to attorney's fees does not apply to the City respondent, whose denial of the benefit was determined as an agent of the State respondent, which bears the final responsibility *(Matter of Thomasel v Perales, supra,* at 570; *Matter of Beaudoin v Toia,* 45 NY2d 343, 347).

In light of the foregoing, we do not reach petitioner's claim for attorney's fees pursuant to CPLR article 86. Concur—Sullivan, J. P., Wallach, Kupferman and Kassal, JJ.