■ In the Matter of THOMAS J. BRADY, Respondent, v EUGENE KELLEY, as Chief of Police, Suffolk County Police Department, et al., Appellants.—In a proceeding pursuant to CPLR article 78, *inter alia* to compel appellants to furnish certain veterans' benefits to petitioner and to others similarly situated, the appeal is from a judgment of the Supreme Court, Suffolk County, entered March 26, 1975, which directed appellants to accord to petitioner, and all others similarly situated, the benefits provided by section 63 of the Public Officers Law. Judgment modified, on the law, by deleting from the decretal paragraph thereof the matter following the words "granting to Petitioner", and substituting therefor the following: "all of the benefits scheduled for veterans pursuant to section 63 of the Public Officers Law." As so modified, judgment affirmed, without costs or disbursements. No fact questions were presented by this appeal. Petitioner, having served on active duty in the United States Army, and having been honorably discharged therefrom, is clearly entitled to a leave of absence with pay on Veterans' Day and Memorial Day, as provided in section 63 of the Public Officers Law. However, he is not entitled to additional compensation or time off pursuant to that section by virtue of the fact that these same holidays are also paid holidays under the existing employment contract between the County of Suffolk and the Suffolk County Patrolmen's Benevolent Association, of which he is a member. Whether, as a matter of contract interpretation, he may be entitled to additional compensation or time off pursuant to

the contract of employment is not properly before this court in an article 78 proceeding (see CPLR 7803). As a matter of procedure, class action relief should not have been accorded herein (see *Matter of Jones v Berman,* 37 NY2d 42; *Matter of Rivera v Trimarco,* 36 NY2d 747; *Matter of Scarpelli v Lavine,* 48 AD2d 899). Gulotta, P. J., Hopkins, Martuscello, Latham and Shapiro, JJ., concur.