# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**84**

**CA 13-01106**

PRESENT: CENTRA, J.P., FAHEY, LINDLEY, SCONIERS, AND WHALEN, JJ.

---

IN THE MATTER OF ARBITRATION BETWEEN MONROE
COUNTY DEPUTY SHERIFFS' ASSOCIATION, INC.,
PETITIONER-APPELLANT,

AND                                        MEMORANDUM AND ORDER

MONROE COUNTY AND MONROE COUNTY SHERIFF,
RESPONDENTS-RESPONDENTS.

---

TREVETT CRISTO SALZER & ANDOLINA, P.C., ROCHESTER (DANIEL P. DEBOLT OF
COUNSEL), FOR PETITIONER-APPELLANT.

MERIDETH H. SMITH, COUNTY ATTORNEY, ROCHESTER (MALLORIE C. RULISON OF
COUNSEL), FOR RESPONDENTS-RESPONDENTS.

-----------------------------------------------------------------------------------------

Appeal from an order of the Supreme Court, Monroe County (Ann Marie Taddeo, J.), entered December 11, 2012 in a proceeding pursuant to CPLR article 75. The order denied the petition and confirmed the arbitration award.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Petitioner, the bargaining representative for certain Deputy Sheriffs employed by respondents, commenced this proceeding to vacate an arbitration award denying a grievance filed by petitioner on behalf of five of its members. Those five Deputy Sheriffs were scheduled to work on July 4, 2011 and they each requested and were granted the day off without being required to use vacation leave or compensatory time. The collective bargaining agreement (CBA) then in effect provided that Independence Day was a paid holiday and that "[a]ll employees shall be entitled to holiday pay." In addition, the five Deputy Sheriffs qualified, by virtue of their employment and military service, for the benefit extended by Military Law § 249, which provides in pertinent part that employees so qualified "shall, in so far as practicable, be entitled to absent [themselves] from [their] duties or service, with pay, on July fourth of each year" without "any loss or diminution of vacation or holiday privilege." Respondents ultimately paid the five employees eight hours of holiday pay without loss of vacation leave or compensatory time. Petitioner thereafter filed a grievance alleging that respondents violated the CBA when they failed to pay the Deputy Sheriffs for their regular shifts on July 4, 2011, i.e., for an additional 7.5 hours. The grievance was denied at each step

contemplated by the CBA, including arbitration.  The arbitrator concluded, inter alia, that neither the CBA nor Military Law § 249 required respondents to pay the five Deputy Sheriffs in the manner sought by petitioner.

We conclude that Supreme Court properly denied the petition and confirmed the arbitration award.  Contrary to petitioner's contentions, the arbitrator did not exceed any limitation of his power in denying the grievance (*see Matter of New York City Tr. Auth. v Transport Workers Union of Am., Local 100*, 14 NY3d 119, 123-124; *Rochester City Sch. Dist. v Rochester Teachers Assn.*, 41 NY2d 578, 583), nor is his construction of the CBA totally irrational (*see Rochester City Sch. Dist.*, 41 NY2d at 583; *cf. Matter of Albany County Sheriffs Local 775 of N.Y. State Law Enforcement Officers Union, Dist. Council 82, AFSCME, AFL-CIO [County of Albany]*, 27 AD3d 979, 980).  In addition, there is no basis for vacating the award as violative of public policy (*see generally Matter of New York City Tr. Auth. v Transport Workers Union of Am. Local 100, AFL-CIO*, 99 NY2d 1, 6-7).  Contrary to petitioner's contention, the award does not, on its face, violate the public policy embodied in Military Law § 249, and the court properly declined to vacate the award on that ground (*see Matter of Sprinzen [Nomberg]*, 46 NY2d 623, 631; *see also Matter of Brady v Kelley*, 51 AD2d 797, 797-798).

Entered:  February 7, 2014                    Frances E. Cafarell
                                              Clerk of the Court